*EX PARTE* ROUNDTREE, *IN RE* MICHALSON v. ROUNDTREE.

1. DISCRETION.—Is the exercise of discretion appealable?
2. JUDGMENT—EXCUSABLE NEGLECT.—AN ATTORNEY should not withdraw from a case which he has undertaken to manage, without notice to his client: but if he does so, a judgment thereby taken by default is a surprise to his client.

3. AN ATTORNEY cannot consent to an order after he has withdrawn from the case.

4. JUDGMENT—EXCUSABLE NEGLECT—ATTORNEYS.—Under Code, 195, a judgment may be vacated on account of excusable neglect or surprise on the part of attorney.

5. LUNATIC—GUARDIAN AD LITEM.—JURISDICTION of the person of a lunatic can only be acquired by answer of guardian *ad litem*.

Before TOWNSEND, J., Barnwell, March, 1897. Affirmed.

Petition by E. A. Roundtree, by guardian *ad litem*, to have judgment vacated in Michalson *v.* Roundtree. Judgment vacated. Plaintiff appeals.

*Mr. R. C. Holman*, for appellant, cites: Code, 195; 47 S. C., 393; 16 S. C., 617.

*Messrs. G. M. Greene* and *B. T. Rice*, contra, cite: *No jurisdiction of lunatic by guardian ad litem:* 1 Bail. Eq., 115; 6 How. Pr., 194. *On main question:* Code, 195; 15 S. C., 614; 64 N. W., 73; 14 S. C., 331; 47 S. C., 393.

March 1, 1898. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. This is an appeal from an order of his Honor, Judge D. A. Townsend, setting aside the judgment in the case above stated. The proceeding to vacate the judgment was commenced by a petition of E. A. Roundtree, by her guardian *ad litem*, in the original case in which the judgment was obtained. The petition, filed 23d of February, 1897, alleges: 1. "That the said E. A. Roundtree has been all of her life a person of very weak mind, almost an idiot, and for several years past had been so bereft of reason and of mental capacity as to be unable to manage her estate. 2. That she is the wife of one John B. Roundtree, who is drunken, dissipated, and worthless and without means, and about two years ago deserted his wife, the said Mrs. E. A. Roundtree. 3. That the said Isaac Michalson sold said John B. Roundtree certain goods, wares, and merchandise, at divers times between the 18th

of November, 1890, and 1st of May, 1891, for his own use and benefit, and were in no wise related to the estate of E. A. Roundtree. 4. That on the 10th of February, 1896, the said Michalson commenced an action against the said E. A. Roundtree to recover the amount due for the said goods and merchandise, and recovered judgment for the same. 5. That the said E. A. Roundtree was, at the time of the rendition of the said judgment, a person of unsound mind, lunatic, and mentally incapable of managing her estate and looking after her rights and interests. 6. That on the 23d of February, 1897, the said H. B. Harley was duly appointed guardian *ad litem* of the said E. A. Roundtree, for the purpose of instituting this proceeding to vacate said judgment. 7. That under an execution issued to enforce said judgment, said Michalson has caused the sheriff to levy upon and advertise the lands of said E. A. Roundtree for sale. 8. That under proceeding *de lunatico inquirendo*, instituted on the 8th of February, 1897, the said E. A. Roundtree has been adjudged to be a lunatic or idiot, and incapable of managing her own estate." This petition was duly verified by the said H. B. Harley. No answer to this petition appears in the "Case," but it is there stated that a rule was issued requiring said Michalson to show cause why said judgment should not be vacated, and, in the meantime, the sheriff was enjoined from selling the lands of said E. A. Roundtree under said judgment and execution. It is stated in the "Case" that said Michalson appeared "and resisted the application and motion to vacate said judgment upon various grounds, and especially upon the ground that where a party appeared in the cause by an attorney, and the judgment was allowed to be taken, as in this case, that such judgment could not be set aside, unless fraud or collusion was shown on the part of the attorney of the party against whom judgment was obtained." It appears from the "Case" that this judgment was recovered on the 6th of April, 1896, in an action based upon an account for goods, wares, and merchandise alleged to have been sold by said

Michalson to said E. A. Roundtree "for her separate use and benefit." "The defendant appeared by her attorney, James E. Davis, Esq., and introduced (interposed?) a demurrer to the complaint of said Isaac Michalson, upon the ground that the same did not state facts sufficient to constitute a cause of action. Thereafter, on the 1st day of April, 1896, said James E. Davis withdrew said demurrer in writing; whereupon his Honor, the presiding Judge, made the following order: 'The defendant having withdrawn her demurrer, ordered, that the case be transferred to Calendar 3, and plaintiff have judgment by default.' The attorney for E. A. Roundtree signed his consent to said order." The cause was accordingly transferred to Calendar 3, and subsequently, to wit: on the 6th of April, 1896, a formal order for judgment against the defendant was indorsed on the complaint, in accordance wherewith judgment was duly entered and execution issued, under which the lands of said E. A. Roundtree were levied on and advertised for sale. Upon the hearing of the motion, an affidavit of Mr. Greene, one of the counsel for petition, was submitted, from which it appears that he was requested by one Randolph Attaway to look into the judgment and advise him as to the rights of the said E. A. Roundtree; that after examining the record, and finding that judgment had been rendered by consent of the attorney for defendant, he immediately repaired to the office of James E. Davis, Esq., and stated to him the result of his investigation; whereupon he was informed by Mr. Davis "that he had withdrawn from the said case as attorney of the said defendant for the reason that his fee had not been paid." Deponent further states: "That the said Randolph Attaway has informed this deponent that he, the said Attaway, has been acting in the said cause for the said Mrs. E. A. Roundtree, and that he employed Mr. Davis as attorney to represent the said cause, and that Mr. Davis had not intimated in any way his intention to withdraw from the said cause, and his withdrawal and consenting to judgment was a surprise

to the said Attaway." After hearing counsel on both sides, Judge Townsend "ordered, that the said judgment of said Isaac Michalson against said E. A. Roundtree be vacated and set aside, upon the grounds of excusable neglect and surprise to the defendant, E. A. Roundtree, in obtaining said judgment; and it is further ordered, that the said E. A. Roundtree have twenty days from the rising of this Court to serve her answer on said Isaac Michalson."

From this order the said Michalson appeals upon the several grounds set out in the record. The first of these grounds makes the point that there was no evidence whatever of any excusable neglect or surprise, and hence there was error of law in vacating the judgment upon such grounds. Under sec. 195 of the Code of Civil Procedure, the Court is invested with discretion, "at any time within one year after notice thereof (to) relieve a party from a judgment order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect." From what is said by the late Chief Justice Simpson in the case of *Truett* v. *Rains*, 17 S. C., 451, in speaking of this section, then numbered 197, it is, at least, doubtful whether this Court can consider this question, which is a question of fact, involving the exercise of discretion. He uses this language: "As a general rule, where a Court or Judge is invested with power to be exercised at discretion, such power is absolute, and when exercised, it is final. From the very meaning of the term and the nature of the power, discretion is unlimited. It is bounded by no rule except the good sense and integrity of the party empowered to exercise it, and, in the absence of an express right to appeal, it necessarily follows that its exercise is unappealable. *Gibbes* v. *Elliott*, 8 S. C., 50." Besides, it seems to us that there was, at least, some evidence of surprise, and if so, its weight and sufficiency was exclusively for the Circuit Judge. If it be true, as alleged in the petition, and not denied, that the account sued on was contracted by the husband of E. A. Roundtree for his own use and benefit, and not for her separate estate,

then she had a good defense to the action. Then it is conceded that counsel was employed by her friend, Attaway, to make such defense, and when the attorney withdrew from the case—*not* because he considered the defense could not be sustained—but only because his fee had not been paid, and allowed judgment to be taken by default, she might well claim to have been taken by surprise. While we do not question the right of counsel to withdraw from a cause which he has undertaken, because of the failure or refusal of his client to pay his fee, yet we are of opinion that notice of an intention to withdraw should be given to the client, so as to enable him to take other measures for the protection of his rights; and where, as in this case, no such notice was given, which we think the client was entitled to expect, and judgment by default goes against him, it may be regarded as a case of surprise.

The second ground of appeal makes the point that where an attorney appeared for a defendant, as in this case, and interposes a demurrer, and then withdraws the same, and consents to judgment, the Judge has no power to exercise his discretion in vacating a judgment upon the ground of excusable neglect or surprise. This point has been disposed of by what we have already said. We may add, however, that we are at a loss to perceive by what authority an attorney, after he has withdrawn from the case, could consent to a judgment against the person whom he had previously represented. In this case, the attorney withdrew his demurrer on the 1st of April, 1896, and consented to an order transferring the case to Calendar 3, and how he could, five days afterwards, consent to a judgment, the order for which was signed 6th of April, 1896, is more than we are able to understand.

The third ground of appeal makes the point that the judgment in this case, where the defendant is represented by counsel, could not be vacated, in the absence of any evidence of fraud or collusion between the attorney for the defendant and the plaintiff, of which there is no pretense.

The cases cited to sustain this proposition are cases in which the judgment was rendered *after trial*, while here there was no trial—the judgment has been rendered *by default*. Those cases, therefore, do not apply.

The fourth ground makes the point that a judgment cannot be vacated for excusable neglect or surprise, where the party against whom the judgment was rendered was represented by counsel. We cannot assent to such a proposition, for it is easy to conceive of a case where a judgment may be rendered against a party through some excusable neglect or surprise of his counsel; and we think the terms of sec. 195 of the Code are broad enough to cover such a case; and this view seems to have been taken in *Vaughan* v. *Hewitt*, 17 S. C., at page 445; and the point is so expressly decided in *Taylor* v. *Pope*, 106 N. C. Rep., 267; reported also in 19 Am. St. Rep., 530. In the argument here, counsel for respondent has raised a jurisdictional point, which, it is well settled, may be raised at any time. This point is, that inasmuch as Mrs. E. A. Roundtree was, at the time this action was commenced against her, and at the time the judgment was rendered against her, a person of unsound mind, incapable of managing her own affairs, the Court had no jurisdiction. If this be so, then the Court which rendered the judgment never acquired jurisdiction of her person; and for that reason there was no error in vacating the judgment; for it is not pretended that she was represented by a guardian *ad litem* in the action in which the judgment was obtained. Indeed, it does not appear that any guardian *ad litem* had then been appointed, though, in less than a year after the judgment was obtained, Mrs. E. A. Roundtree was formally adjudged to be a person of an unsound mind, and incapable of managing her affairs, and a guardian *ad litem* has been appointed, who represents her in this proceeding. The fact that she was a person of unsound mind, incapable of managing her affairs, at the time Michalson commenced his action against her, and at the time he obtained judgment,

is distinctly alleged in the petition, and is no where denied. This, therefore, constitutes an insurmountable obstacle in the way of appellant, and shows conclusively that there was no error in vacating the judgment in question. See *Henderson* v. *Mitchell*, Bail. Eq., at page 116, where it is said that a lunatic cannot be sued unless represented by a committee—now by guardian *ad litem*. The order appealed from must be affirmed, in any view of the case.

The judgment of this Court is, that the order appealed from be affirmed, and that the said E. A. Roundtree be allowed to file her answer by guardian *ad litem* to the complaint of Isaac Michalson, at any time within twenty days after service of written notice of this decision.