*EX PARTE* KIBLER, ADM'R, *IN RE* PARKER v. NEWTON.

LUNATIC—GUARDIAN AD LITEM—JURISDICTION of the *person* of a lunatic can only be acquired by appointment of guardian *ad litem* and answer by him.

Before KLUGH, J., Richland, December, 1897.    Reversed.

Petition by Theo. N. Kibler, as administrator of Sarah A. Newton, *in re* Geo. W. Parker and Lizzie McCarter *v.* Sarah A. Newton, to set aside judgment.    From Circuit decree refusing to vacate judgment, petitioner appeals.

*Messrs. Allen J. Green* and *P. H. Nelson*, for appellant, cite: 51 S. C., 405.

*Messrs. J. S. Muller* and *John T. Seibels*, contra, cite: *Judgments against lunatics are not void but voidable by action in equity:* 32 Am. Dec., 70; 33 Me., 114; 50 Md., 214; 1 Rice, 56; 5 Strob., 132; Bail. Eq., 116.    *Where lunatic is represented, Court will not vacate judgment:* Bail. Eq., 109.    *In absence of fraud, judgment will not be vacated:* 104 U. S., 415.

Oct. 25, 1898. The opinion of the Court was delivered by MR. JUSTICE GARY. One of the questions presented by the exceptions is, whether the Court, which rendered judgment in the case of George W. Parker and Lizzie McCarter, plaintiffs, against Sarah A. Newton, defendant, had acquired jurisdiction of the said defendant. As this is a preliminary question, it will be first considered. The affidavits introduced upon the hearing of this case, before his Honor, Judge Klugh, satisfy this Court that Mrs. Sarah A. Newton was of unsound mind at the time the action of George W. Parker and Lizzie McCarter was commenced against her, and that she continued to be of unsound mind until her death, which took place after judgment was recovered against her in the action aforesaid. Having found such to be the fact, the case of *Ex parte Rountree*, 51 S. C., 405, shows conclusively that the Court did not, at any time during the pendency of the action aforesaid, acquire jurisdiction of said defendant. In the case of *Ex parte Rountree*, Mr. Chief Justice McIver, in behalf of the Court, uses this language: "In the argument here, counsel for respondent has raised a jurisdictional point, which, it is well settled, may be raised at any time. This point is, that inasmuch as Mrs. Rountree was, at the time this action was commenced against her, and at the time the judgment was rendered against her, a person of unsound mind, incapable of managing her own affairs, the Court had no jurisdiction. If this be so, then the Court which rendered the judgment never acquired jurisdiction of her person; and for that reason there was no error in vacating the judgment, for it is not pretended that she was represented by a guardian *ad litem*, in the action in which the judgment was obtained. Indeed, it does not appear that any guardian *ad litem* had then been appointed, though, in less than a year after the judgment was obtained, Mrs. E. A. Rountree was formally adjudged to be a person of unsound mind, and incapable of managing her affairs, and a guardian *ad litem* had been appointed, who represents her in this proceeding. The fact that she was a per-

son of unsound mind, incapable of managing her affairs, at
the time Michalson commenced his action against her, and
at the time he obtained judgment, is distinctly alleged in
the petition, and is nowhere denied.   This, therefore, con-
stitutes an insurmountable obstacle in the way of appellant,
and shows conclusively that there was no error in vacating
the judgment in question.   See *Henderson* v. *Mitchell*,
Bail. Eq., at page 116, where it is said that a lunatic can-
not be sued unless represented by a committee—now by
guardian *ad litem.*"   The fact that after commencement of
the action, and before judgment was rendered against the
defendant, she was adjudged a lunatic and a committee ap-
pointed in her behalf, cannot have the effect of taking this
case out of the rule announced in the case of *Ex parte
Rountree.*   For, even admitting that, as the case was within
the *equitable* jurisdiction of the Court, the committee had
the right to represent the lunatic, still this right could only
be exercised after being made a party to the action, *which
was not done.*   It was incumbent on the plaintiffs to have
the proper persons made parties to the action, and as they
failed in this particular, their judgment must be vacated,
and the petitioner granted the relief for which he prays.

The view which this Court takes of the jurisdictional
question raised by the exceptions renders unnecessary a
consideration of the other questions in the case.

It is the judgment of this Court, that the judgment of
the Circuit Court be reversed, and the case remanded to
that Court for such proceedings as may be necessary to
carry into effect the views herein announced.