11640

JORDAN v. JORDAN

(125 S. E., 910)

1. HUSBAND AND WIFE—HUSBAND HAVING TITLE WAS ENTITLED TO POSSESSION OF HOUSE AND LOT AS AGAINST WIFE.—Husband having title was entitled to possession of house and lot as against wife, and could put wife out of house; her remedy being suit for alimony or criminal indictment.

2. ACTION—PLEADING—REFERENCE—ACTION TO RECOVER REAL ESTATE IS LEGAL ACTION IN WHICH COURT IS NOT AUTHORIZED TO ALLOW AMENDMENT RAISING EQUITABLE ISSUE AND TO REFER IT TO MASTER. —Husband's suit against wife for possession of house and lot, to which husband had title was suit at law, and it was error for Court

to allow amendment to answer raising equitable issue of whether house had been purchased with wife's money, and to refer issue to Master.

3. PLEADING—AMENDMENT CAN BE ALLOWED DURING TRIAL.—An amendment can be allowed by the Court during the trial.

4. CONTINUANCE—CASE SHOULD BE CONTINUED WHERE AMENDMENT ALLOWED DURING TRIAL TAKES OTHER SIDE BY SURPRISE.—Where amendment allowed during trial takes other side by surprise, case should be continued.

Before SHIPP, J., Richland, February, 1923. Reversed and remanded.

Action by W. D. Jordan, by guardian *ad litem,* against Mary Jordan, his wife, to recover possession of a house and lot, and damages for withholding. Judgment for plaintiff for possession of the house and lot, without damage for withholding. Plaintiff appeals.

The exceptions are as follows:

"I. Because the Court, having instructed a verdict for the plaintiff, had no right to charge the jury that, if the defendant was his wife, she had the right to hold possession of the property, and plaintiff could not recover.

"II. Because this being a pure legal action, the Judge had no right, of his own motion, to allow the defendant to amend his answer so as to turn a legal action into an equitable one.

"III. Because the Judge was without authority of law, to change said legal action into an equitable one, and refer the case to the Master without the consent of the plaintiff or his attorneys, and cover their protest.

"IV. Because the presiding Judge was in error in telling the jury that although they must find for the plaintiff that the property belonged to him, yet that they might find from the testimony that she was not wrongfully in possession of it, and find for her on that ground; the law being that when the jury found the title to be in the plaintiff, it was the duty of the Court to instruct them that the legal title carried the possession of the property.

"V. Because the presiding Judge erred in charging the jury that, if they found that the defendant was the wife of the plaintiff, then she was not liable for rent, and that they must find that issue, 'No'.

"VI. That the jury having found for the plaintiff on the issue of title, it was the duty of the Court to have instructed them to find for the plaintiff such an amount for rent, as the evidence showed he was entitled to.

"VII. Because it appeared from the testimony introduced by the defendant herself that she was not the wife of W. D. Jordan, and was not entitled to the possession of the property, and his Honor should have so held.

"VIII. It was error in his Honor to charge the jury as follows: 'What relation does the defendant bear to the plaintiff? Now, if you find—and it is the duty of the defendant that sets that up here and undertakes to justify possession, it would be her duty to establish that by the greater weight of the testimony—now, has she established that she is the wife of the plaintiff?' The error being: The answer was a general denial until the trial Judge of his own motion allowed the defendant to amend, and even by the amendment no such issue was ever properly before the Court and was not even suggested by the pleadings in any way, shape, form, or fashion.

"IX. It was error to charge as follows: 'And I charge you now that if the plaintiff is the husband of the defendant, and if the husband placed the wife—if you find those facts to be true from the testimony—if he placed her in possession of the property in dispute as the home, as the family home, why, it is the duty of the husband to furnish his wife with home and shelter, and a husband would have no right, and I charge you that as the law the husband would have no right to eject his wife from the family home, although he may own it, unless he provides some other suitable place for her to go.' The error being: (a) There was no such issue or claim made by the pleadings. (b) Even though

the defendant be the wife of the plaintiff, and even though it is the duty of the husband to furnish his wife with the necessities of life, the said charge was inapplicable to the issue in a civil suit for the possession of the property, and could have no application except in a criminal action for nonsupport."

*Messrs. Graydon & Graydon,* for appellant, cite: *Issues under general denial:* 84 S. C., 137.

*Messrs. D. W. Galloway* and *Alfred Wallace, Jr.,* for respondent, cite: *Amendments at trial:* Code Proc. 1922, Sec. 436. *Legal and equitable rights may be set up in same action:* 5 S. C., 354; 16 S. C., 331.

December 31, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This action was commenced on the 15th day of April, 1922. It was an action to recover a house and lot in the City of Columbia, S. C., and demanded recovery of the lot of land, together with $500.00 for the withholding thereof by the defendant.

The case was brought on for trial before Judge Shipp and a jury, at the February term, 1923, of the Court of Common Pleas for Richland County. At the conclusion of the charge of the judge, the jury rendered a verdict for the plaintiff for the possession of the land in dispute, and rendered a verdict that the defendant was not in the unlawful possession of said land, upon certain issues submitted to them by the judge upon his own motion.

The complaint alleges: (1) The seizin of the land, describing it. (2) That the defendant is in possession thereof, and withholds the same from the plaintiff to his damage $500.

The answer of the defendant was a general denial.

During the pendency of the action, the plaintiff was committed to the state hospital for the insane, and was there at

the time of trial. His brother, J. N. Jordan, was appointed his guardain *ad litem* by Judge Shipp, and he represented the plaintiff.

The plaintiff offered in evidence his deed to the land, dated December 5, 1905, and offered evidence that the defendant refused to surrender possession to him. He also offered testimony tending to establish his title back to 20 years. He also offered testimony tending to show the rental value of the land to be over $500 for the time that the defendant had been in possession of it. The plaintiff's title to the land was a deed December 5, 1905, signed by J. E. Young to W. D. Jordan, in the regular form of a fee-simple conveyance, recorded December 19, 1905, in the Clerk's office for Richland County.

The defendant was then put on the stand, and admitted that she was in possession of the land, and claimed that she was the wife of W. D. Jordan, and claimed to have the right to hold possession of it, claiming that the criminal Court had ordered W. D. Jordan to furnish her a place on which to live.

After this testimony was given, the presiding judge, without any motion to that effect, told the attorneys for the defendant that he would allow them to amend their answer to the effect that she had paid a part of the consideration for the land. The plaintiff's attorney then asked the judge if he meant to withdraw the case from the jury; that the amendment had taken the plaintiff's attorneys by surprise. The judge stated that he would go ahead and determine the legal issue, and allow the defendant to amend afterwards. The case then proceeded, and the defendant admitted that plaintiff had demanded possession of the land from her, and that she had refused to give it up. She admitted that she claimed title from the same source as the plaintiff did. After the charge of the Court he submitted the following issues to the jury:

(1) Has the plaintiff established legal title to the premises?

(2) Is the defendant in the unlawful possession of the property?

(3) Is the defendant liable for rent on the place?

The jury answered the first question: "Yes."

The second question: "No."

The third question: "No".

Subsequently during the same term of the Court, the judge signed the following order:

"Whereas, during the progress of the above case before the Court on certain issues which were submitted to a jury, the defendant was permitted to amend her answer that the land described in the complaint was purchased with the defendant's money, and that defendant is therefore entitled to the use and possession of said land: Now, therefore, on motion of D. W. Galloway and Alfred Wallace, Jr., for defendant, it is ordered that the order passed during the progress of the case be, and is hereby, confirmed and that this order stands as such amendment without the necessity of serving an amended ·answer upon the plaintiff, and that said cause be transferred to Calendar No. 2, and it is further ordered that the issues raised by said amendment be, and are hereby, referred to Hon. J. C. Townsend, Master for Richland County, to take the testimony and decide all issues of law and fact arising thereunder and report the same to this Court with all convenient speed.

"S. W. G. SHIPP, Presiding Judge."

The appellant by nine exceptions complains of error on the part of his Honor. The exceptions must be sustained and judgment reversed.

The title is in appellant, and he is entitled to possession even though the respondent is his wife; he has a right to put her out of his house, and her remedy is by a suit for alimony or a criminal indictment.

It is a suit at law, and his Honor was in error in referring it to the Master. While an amendment can be allowed by the Court during the trial, yet, if it takes the other side by surprise, the case should be continued.

The order appealed from is reversed.

MESSRS. JUSTICES FRASER, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.