### MAYBANK FERTILIZER CO. v. JEFFCOAT

#### (127 S. E., 835)

1. JUDGMENT—ATTORNEY'S MISTAKE HELD EXCUSABLE NEGLECT WARRANTING VACATION OF CONSENT JUDGMENT AGAINST CLIENT.—Affidavit showing that defendant's attorney had consented to judgment without contest under mistake due to confusion of facts with those of similar case *held* to warrant finding of excusable neglect inuring to benefit of client, and warranting Court under Code Civ. Proc., 1922, § 437, in vacating judgment.

2. JUDGMENT—LACK OF SHOWING OF VALID DEFENSE MAY JUSTIFY COURT IN REFUSING TO VACATE JUDGMENT, BUT DOES NOT REQUIRE IT TO LET IT STAND.—That affidavit in support of motion to vacate judgment does not disclose valid defense may justify Court's refusal to open judgment, but does not require Court to let it stand.

Before MARION, J., Lexington, April, 1924. Affirmed.

Action by Maybank Fertilizer Company against M. J. Jeffcoat wherein judgment was taken against defendant without contest. From an order vacating the judgment, plaintiff appeals.

*Messrs. Timmerman & Graham,* for appellant, cite: *Discretion to grant new trial not absolute:* 95 S. C., 472. *Neglect not excusable:* 51 S. C., 164; 73 S. C., 207; 32 S. C., 90. *Act of attorney binding on client:* 47 S. C., 397. *Prima facie showing of a good defense in applying for new trial:* 122 S. E., 773; 23 Cyc., 962. *Judicial discretion:* 47 S. C., 498. *Grounds for opening a judgment:* 193 Pa. St., 374; 44 Atl., 453; 163 Pa. St., 465; 30 Atl., 603; 23 Am. S. R., 282; 1 Mont., 588.

*Messrs. Efird & Carroll,* for respondent, cite: *Order setting aside judgment not appealable:* 55 S. C., 465; 56 S. C., 12; 62 S. C., 506; 112 S. C., 401; 105 S. C., 418. *Effect of error of counsel:* 51 S. C., 405.

May 12, 1925.

The opinion of the Court was delivered by MR. JUSTICE MARION.

In an action upon fertilizer notes the defendant, through his attorneys, Efird & Carroll, filed a verified answer, setting up failure of consideration and a counterclaim. The cause having been duly docketed, and coming on for trial, Mr. Efird, one of defendant's attorneys, advised plaintiff's counsel that the defense would not be pressed further, and allowed a judgment on verdict to be entered against his client without a contest. Several months thereafter upon motion, duly noticed, based on an affidavit of Mr. Efird, his Honor Judge Rice, set aside the judgment, under section 437, Code Civ. Proc., 1922, upon the ground, in substance, that the defendant's counsel had consented to the judgment against his client under a misapprehension of fact, due to excusable neglect. From the order vacating the judgment, plaintiff appeals.

The affidavit of Mr. Efird unquestionably tended to 1, 2 establish that he acted under a mistake of fact and that the mistake was due to his confusion of the facts in this case with those in a similar case against another party represented by his firm. It therefore cannot be held that the finding of fact of excusable neglect on the part of Mr. Efird was wholly without evidence to support it. Nor is there any showing made by appellant that the judge's ruling was predicated upon or controlled by error of law. That the excusable neglect of an attorney inures to the benefit of the client in such a matter is not open to question. *Ex parte Rountree,* 51 S. C., 405; 29 S. E., 66. Nor, was the Judge under any compulsion of law or reason to refuse the motion on the ground that the affidavit did not disclose that defendant had a valid defense? The absence of such a showing may justify the refusal to open a judgment (*Savannah Supply Co. v. Ross* [S. C.], 122, S. E., 773), but does not require that the Court shall let the judgment stand. Aside from that, in this case the sworn answer made a *prima facie* showing of a valid defense. The record disclosed no ground for holding that there was any abuse of

discretion on the part of the Circuit Judge, and his order must be affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and FRASER, and MR. ACTING ASSOCIATE JUSTICE J. W. JOHNSON concur.