May 5, 1942. The opinion of the Court was delivered by
The action in this case was commenced by the service of summons and complaint, dated October 8, 1941, in the Court of Common Pleas for Horry County, for the purpose of setting aside certain deeds made by the respondent to J.T. Lewis, one of the appellants. To the complaint the appellants demurred upon two grounds, the only one of which now before *Page 498 
the Court is that the complaint showed upon its face that the respondent had no legal capacity to sue. The demurrer was sustained by the Honorable L.D. Lide, presiding Judge, with the provision that the respondent be allowed to file and serve an amended complaint, with which provision respondent complied on December 11, 1941. To the amended complaint appellants demurred on the same ground which we have above set out.
On the same date, appellants served notice of motion to set aside the service of the amended complaint upon several grounds, only two of which are relevant here: First, that the amended complaint is not verified as required by statute, and, second, that the amended complaint did not substantially change the allegations as to mental capacity of the respondent which were contained in the original complaint. This motion was supported by affidavits attached to the notice. It is admitted that the original complaint was duly verified.
On January 21, 1942 (erroneously stated in the record as January 21, 1941), Judge Lide, by appropriate order, overruled the demurrer and the above-described motion, after a hearing thereon and argument by counsel, and provided that the defendants should have the right to answer the amended complaint within twenty days after the service upon their attorneys of written notice of the filing of the order.
From the foregoing order, appellants appealed to this Court upon nine exceptions, which, according to counsel for appellants, constitute the following seven questions:
"1. Do the facts appearing upon the face of the amended complaint reveal the insanity of the plaintiff, within contemplation of law, so as to require that a demurrer upon the ground of lack of capacity should have been sustained?
"2. Do the facts appearing upon the face of the original complaint, the amended complaint and from uncontradicted affidavits show such mental incapacity as to require the Court to hold that the action could not be maintained by the plaintiff in his own name? *Page 499 
"3. It having been held by the Court that an insane plaintiff cannot maintain an action in his own name, and no appeal having been taken, has such order become the law of the case so as to preclude a subsequent holding to the contrary?
"4. Where a demurrer to a complaint based upon the ground of lack of mental capacity has been sustained, with leave to amend, and the amended complaint sets forth substantially the same allegations to which the demurrer was addressed, should the Court, upon motion, dismiss the amended complaint?
"5. Are the allegations of the amended complaint touching the question of mental capacity substantially the same as, or not essentially different from, the allegations of the original complaint on the same question?
"6. May the Court, upon the hearing of a motion, take into consideration or give effect to, unsworn statements of a party or counsel?
"7. Where a prima facie showing is made by affidavits that an amended complaint was either not verified by the plaintiff, or, if he actually signed the verification, he lacked requisite mental capacity, and the original complaint was verified, should not the service of the amended complaint be set aside upon motion?"
In our opinion, the only questions involved are: First, should the demurrer have been sustained, and, second, should the service of the amended complaint have been set aside on motion?
The real issues in this case have been fully and ably discussed and decided, on grounds supported by adequate authorities, in the order of Judge Lide, of January 21, 1942; and the corollary issues have all been answered either expressly or by implication in the said order, which is adopted as the judgment of this Court, and which is ordered to be reported herein.
All exceptions are overruled, and the judgment is affirmed. *Page 500 
MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE and STUKES concur.