Vaught LISTER, as Guardian *ad Litem* for John Dill and Broadus Dill, Respondent, v. Foster GOSSETT, Blue Ridge Land Company, Inc., Eva Dill, Willard Dill, J. L. Dill, Alta Lister and Hubert M. Styles, Respondents, of whom Blue Ridge Land Company, Inc., Foster Gossett and Hubert M. Styles are Appellants.

(121 S. E. (2d) 235)

*Messrs. L. E. Wood* and *John M. Rollins,* of Greer, and *Sumter B. Sams,* of Spartanburg, *for Appellants,*

*Messrs. Chapman & Hooper,* of Greenville, *for Respondents,*

August 8, 1961.

TAYLOR, Chief Justice.

This appeal is from an Order of the County Court of Greenville County affirming the Report of the Master that the sale of certain property sold in partition at public auction in which respondents owned an interest should be set aside as respondents are *non compos mentis* and were not represented in said sale by a guardian *ad litem.*

Section 10-236, Code of Laws of South Carolina, 1952, Cumulative Supplement, deals with the appointment of a guardian *ad litem* in such cases and provides the method whereby the rights of persons *non compos mentis* may be adjudicated, as follows:

"When a mentally incompetent person is a plaintiff his guardian *ad litem* shall be appointed upon application made by his committee or by a relative or friend and, if by a relative or friend, notice thereof must first be given to his committee or, if he has no committee, to the person with whom he resides. When the incompetent person is a defendant his guardian *ad litem* shall be appointed upon application made by his committee, if he has a committee and if the committee applies within twenty days after the service of summons, or, if his committee neglects or fails to apply within that time or if he has no committee, by a relative or friend or any other party to the action. If application is made by a relative or friend or other party to the action, notice thereof must first be given to the committee or if there is no committee, to the person with whom the incompetent person resides. The application shall be made to, and the appointment shall

be made by, (1) the court in which the action is prosecuted, (2) a judge, the clerk or the master thereof or (3) by the probate judge of the court of probate of the county in which the incompetent person resides or for the county in which the action is prosecuted. An attorney or other competent person shall be appointed to act as guardian *ad litem* for the incompetent person. * * *"

In the former proceeding certain property in which the said John Dill and Broadus Dill owned an interest as tenants in common was sold in partition at public sale to the said Foster Gossett and Blue Ridge Land Company, Inc. The purchase price was paid to the Master, but the sale had not been confirmed when the action from which this appeal stems was commenced. Validity of the original Order is challenged upon the grounds that the sale price was inadequate and that the Court did not acquire jurisdiction of the said John Dill and Broadus Dill by reason of their mental disability and that they were not represented by guardian *ad litem* or committee.

In the original action, plaintiffs were aware of the mental condition of the said John Dill and Broadus Dill as they addressed to them, as persons *non compos mentis,* and to their mother, with whom they resided, a citation requiring them to apply for the appointment of a guardian *ad litem* to appear for them and should they fail to do so, plantiffs' attorney would apply for such appointment. No application was made for such appointment by the mother or plaintiffs' attorney and no such appointment was made. Appellants therefore failed to comply with the provisions of Section 10-236, Code of Laws of South Carolina, 1952, Cumulative Supplement, and the Order setting aside the sale must be affirmed; and it is so ordered.

Affirmed.

OXNER, MOSS and LEWIS, JJ., and J. B. NESS, Acting Associate Justice, concur.