19443

Elizabeth T. MARTIN, Respondent, v. David Pruitt MARTIN, Appellant.

(190 S. E. (2d) 30)

*John Bolt Culbertson, Esq.,* of Greenville, *for Defendant-Appellant,*

*Messrs. Chapman & Lowery,* of Anderson, *for Plaintiff-Respondent,*

June 28, 1972.

BUSSEY, Justice.

In this divorce action the plaintiff wife was granted a divorce on the ground of habitual drunkenness. The action was commenced on November 14, 1970; was contested and a hearing held on the merits on August 9, 1971. The decree

of divorce was entered on September 15, 1971. With the consent of defendant's original counsel, his present counsel was substituted by order of the court dated September 29, 1971. Present counsel moved, unsuccessfully, to vacate the divorce decree on the ground, *inter alia,* that the defendant was a "disabled person and was not able to properly assist in his defense."

Only two questions for consideration of this Court are raised by proper exceptions. First it is contended that the trial judge abused his discretion in ordering the defendant to pay the plaintiff $89.00 per month for the support of the minor children of the parties. A review of the record and a consideration of the briefs fail to convince us of any abuse of discretion in this respect. No useful purpose could be served by discussing all of the evidence.

It is also contended that the court should have appointed a guardian ad litem to represent the defendant in the action. This issue was first raised by the motion to vacate the divorce decree and upon consideration thereof the trial judge found, *inter alia,* that there was no evidence that the defendant was under a mental disability at any time during the proceedings which would prevent him from properly assisting with his defense. Such constitutes a finding of fact binding upon this Court unless unsupported by the evidence. *Thompson v. Moore,* 227 S. C. 417, 88 S. E. (2d) 354. A review of the record here shows such finding to be quite fully supported by the evidence.

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.