276 S.C. 509 (1981)
280 S.E.2d 208
SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Respondent,
v.
Ella Ree McDOW a/k/a Ella Ree Haggins and Willie E. Haggins, Appellants.
21509
Supreme Court of South Carolina.
July 7, 1981.
*510 Brooks P. Goldsmith, of Thomas, Rushing, Goldsmith & Folks, Lancaster, for appellant Willie E. Haggins.
William C. Tindal, of Yarborough, Bell & Tindal, Lancaster, for appellant Ella Ree McDow.
Vinton D. Lide, Columbia, for respondent.
July 7, 1981.
Per Curiam:
This appeal is from a family court order terminating the parental rights of appellants Willie E. Haggins and Ella Ree McDow with respect to one of their minor children. We vacate the lower court order and remand the case for new proceedings.
Respondent instituted this action by the filing of a petition seeking the termination of parental rights on the ground that appellants were "mentally ill and mentally retarded to such an extent that they can never function as parents." Before the petition was filed, Willie Haggins had been determined mentally ill by the Probate Court of Lancaster County. There is nothing presently in the record to indicate that a court had ever determined Ella Ree McDow to be incompetent, but evidence concerning her mental condition was introduced at the trial of this action.
Despite the allegations in the petition and the prior determination of Willie Haggins' mental state, no application was made for the appointment of guardians ad litem and no such appointment was made. The lower court did, however, appoint legal counsel for each appellant.
*511 We are here concerned with the lower court's failure to appoint either the attorneys or some other persons to serve as guardians ad litem. We raise the issue ex mero motu.
To divest incompetent persons of any rights, the proceedings must comply strictly with the law. Ex parte Hineline, 166 S.C. 352, 164 S.E. 887 (1932). Section 15-5-310, Code of Laws of South Carolina (1976), provides in part that "[a] mentally incompetent person, ..., shall appear by guardian ad litem in an action by or against him." The procedure for appointment of guardians ad litem for persons non compos mentis and the method whereby the rights of such persons may be adjudicated is set forth in Section 15-5-360. Code of Laws of South Carolina (1976). In cases where a court adjudicates the rights of mentally incompetent persons without appointing guardians ad litem, any judgment rendered by the court adverse to the incompetent person is void for want of jurisdiction. Ex parte Kibler, 53 S.C. 461, 31 S.E. 274 (1898); Ex parte Roundtree, 51 S.C. 405, 29 S.E. 66 (1898). See also Lister v. Gossett, 239 S.C. 22, 121 S.E. (2d) 235 (1961). That an incompetent person may have been adequately represented in a legal proceeding by an attorney does not cure the jurisdictional defect. See Roundtree, supra. As no guardian ad litem was appointed to represent Willie Haggins, we must vacate the order terminating his parental rights and remand the case for the appointment of a guardian ad litem and a new termination hearing. Although Ella Ree McDow has never been judicially determined incompetent, the petition and other evidence presently before the Court indicates there is some question concerning her mental condition. Accordingly, we also vacate the order with respect to her. Prior to the new termination hearing, the lower court should consider and determine whether Ella Ree McDow is sufficiently competent mentally to proceed without the appointment of a guardian ad litem, and if, in fact, she is not, appoint such guardian ad litem for her.