0387

Howard A. ANDERSON, Appellant, v. Mae G. ANDERSON, H. A. Anderson, Inc., and Carostrand, Inc., Respondents.

(327 S. E. (2d) 355)

Court of Appeals

---

[1] This right of appeal is prescribed by Section B-17-40.

*Jan L. Warner* and *C. Dixon Lee, III,* Sumter, *for appellant.*

*Joseph T. McElveen, Jr.,* of *Bryan, Bahnmuller, King, Goldman & McElveen,* Sumter, *for respondents.*

Heard Dec. 19, 1984.

Decided Feb. 4, 1985.

CURETON, Justice:

Appellant Howard Anderson petitioned the family court to set aside a consent judgment incorporating a property settlement and separation agreement he entered with his wife, respondent Mae Anderson. On motion of Mrs. Anderson, the court dismissed the petition on the grounds *res judicata,* equitable estoppel and laches barred litigation of the issues raised therein. We remand for the reasons stated.

The Andersons entered into the support and property settlement agreement on August 22, 1977, after Mrs. Anderson

filed an action for separate maintenance. On August 25, 1977, the family court incorporated the agreement into a consent order for separate maintenance.

Mr. Anderson commenced this action in March, 1980, to set aside the consent judgment on the grounds he executed the agreement while in a "debilitated state of mind" caused by a drinking problem and emotional instability. He also alleged that the judgment should be set aside because the resumption of cohabitation by him and his wife for eleven months after execution of the agreement abrogated the agreement.

Mrs. Anderson filed an answer and counterclaim and subsequently moved to dismiss the petition on two grounds. First, the issues raised by the petition had been finally resolved by the consent judgment and the doctrine of *res judicata* barred their relitigation. Second, Anderson's petition failed to comply with Section 15-27-130 of the 1976 Code of Laws of South Carolina which provides the exclusive procedure for obtaining relief from judgments and orders.

After a hearing on the motion, the court dismissed the petition. It held that the unappealed consent judgment barred relitigation of Mr. Anderson's capacity to contract with Mrs. Anderson and to consent to the judgment. In addition, the court held that laches and equitable estoppel prevented the assertion that the agreement was abrogated by the resumption of cohabitation. We are constrained to remand the case for a hearing on the merits.

The assertion of *res judicata* does not properly defend against a direct action to set aside a judgment. In *Cathcart v. Hopkins*, 119 S. C. 190, 207, 112 S. E. 64, 69-70 (1922), the Court stated the premise upon which the doctrine of *res judicata* rests:

> "[A] fact which has been directly tried and decided by a Court of competent jurisdiction cannot be contested again between the same parties in the same or any other Court, and ... where some controlling fact or question material to the determination of both actions has been determined in a former suit, and the same fact [or] question is again at issue between the same parties, its adjudication in the first will, if properly presented, be conclusive of the same question in the latter suit, without regard to whether the cause of action is the same or

not, or whether the second suit involves the same or a different subject-matter, or whether or not [it] is in the same form of proceeding .... A matter ... which has been solemnly adjudicated by a Court of competent jurisdiction, must, in subsequent litigation between the same parties, where the same question or questions arise, be deemed to have been finally and conclusively settled, *except where the litigation is a direct proceeding for the purpose of reversing or setting aside such adjudication.*" 15 R. C. L. tit. Judgments, Section 450. [emphasis added]

The action to set aside a judgment admits conclusive establishment of the facts which were or could have been adjudicated in the prior action but seeks to avoid the judgment based on additional facts *extrinsic* to the prior suit. A plea of *res judicata* therefore does not meet the allegations of a petition to set aside a judgment.

■ Among the recognized equitable grounds for setting aside a judgment is the incompetency of the party against whom a judgment is rendered if it is rendered without regard to the disability. *Ex Parte Kibler,* 53 S. C. 461, 462, 31 S. E. 274, 275 (1898); *Ex Parte Rountree,* 51 S. C. 405, 411, 29 S. E. 66, 68 (1898); 49 C. J. S. *Judgments* Section 276 (1947). Such a person is incapable of putting his competency in issue in the prior suit and any judgment purporting to have established his competency may be set aside upon proof that he was incompetent at the time it was rendered.

■ Mr. Anderson's petition alleges his incapacity. He was not represented by either an attorney or a guardian *ad litem* at the time the consent judgment was entered. Indeed, he was not even present when it was entered. It was therefore error for the court to dismiss his petition without a hearing on the merits.

If, after a decision on the merits of the issue of Mr. Anderson's competency, the court must also determine the effect of the resumption of cohabitation on the property settlement and separation agreement or the judgment incorporating it, the court's attention and that of counsel is directed to the annotation at 35 A. L. R. (2d) 707 (1954), the supplements thereto and the cases cited therein.

Accordingly, the case is remanded for trial.

Remanded.

GARDNER and GOOLSBY, JJ., concur.