0389

William A. ROGERS and Emma H. Rogers, Respondents, v. Annie Lee NATION, By and Through Her Guardian *Ad Litem*, Jessie Florine CLAYTON, Appellant.

(326 S. E. (2d) 182)

Court of Appeals

---

*James C. Alexander*, Greenville, *for appellant.*

*Ray L. Derrick*, Columbia, and *Franklin M. Mann*, Spartanburg, *for respondents.*

*Florine Clayton*, Greer, *Guardian Ad Litem.*

Heard Dec. 19, 1984.

Decided Feb. 5, 1985.

CURETON, Judge:

Respondents William A. Rogers and Emma H. Rogers purchased the home of the appellant Annie Lee Nation at a foreclosure sale. Upon Nation's refusal to vacate, the Rog-

erses commenced an action to eject her. She responded by claiming that she was incompetent at the time she was served with the foreclosure papers and since no guardian *ad litem* was appointed to represent her, the foreclosure and sale should be set aside. The trial court, finding that Nation had failed to prove her incompetency, refused to vacate the judgment against her and ordered her evicted. We affirm the judgment of the trial court.

Nation's sole challenge to the judgment of the trial court is that the court erred in concluding that she had failed to prove her incompetency.

The threshold question for determination is whether the instant action is one at law or one in equity since our scope of review is based on the nature of the action. The criteria for making the determination is stated in the case of *Bell v. Mackey*, 191 S. C. 105, 119, 3 S. E. (2d) 816, 822 (1939):

> Generally . . . it may be said that the essential character of the cause of action, and the remedy or relief it seeks, as shown by the allegations of the complaint, determine whether a particular action is at law or in equity, unaffected by the conclusions of the pleader or by what the pleader calls it, or the prayer for relief, or the nature of the defense interposed, or new matter stated in the reply, or whether the action is statutory or otherwise. Notwithstanding this, however, it is said that the nature of the issues as raised by the pleadings or the pleadings and proof, and character of relief sought under them determines the character of an action as legal or equitable. [citations omitted.] *Tuten v. Almeda Farms*, 184 S. C. 195, 200, 192 S. E. 153, 155.

In a similar vein, 1 C. J. S. *Actions* Section 54, page 1165 states:

> A distinction is also made between cases where the answer sets up merely an equitable defense, and where it also seeks affirmative equitable relief, it being held that in the former case the nature of the action is not changed, but that in the latter the action is converted into an equitable proceeding, if the affirmative matter pleaded, if true, would destroy plaintiff's case, or uproot

the possibility of any future litigation of the same matter . . . .

The complaint in this action seeks the remedy of ejectment, thus characterizing the action as one at law. *Southern Railway Co. v. City of Greenwood*, 40 F. (2d) 679 (W.D.S.C. 1928); *Eiffert v. Craps*, 58 F. 470 (4th Cir. 1893); *Jordan v. Jordan*, 130 S. C. 330, 125 S. E. 910 (1924). Nation's counterclaim, on the other hand, raises questions of whether the judgment of foreclosure should be vacated, the sale set aside and the deed to the Rogerses cancelled, ordinarily equitable causes of action. *Atkinson v. Belser*, 273 S. C. 296, 255 S. E. (2d) 852 (1979). While on the surface the counterclaim raises equitable issues, the issues are premised on a determination of incompetency, a legal determination. 41 Am.Jur. (2d) *Incompetent Persons* Section 150. Therefore, we hold that the nature of the action is not changed from one at law to one in equity. The trial judge's finding that the evidence was insufficient to support the alleged incompetency is binding on this court unless unsupported by the evidence. *Thompson v. Moore*, 227 S. C. 417, 88 S. E. (2d) 354 (1955); *Martin v. Martin*, 258 S. C. 560, 190 S. E. (2d) 30 (1972).

Nation's counterclaim to set aside the judgment is based on South Carolina Code Section 15-5-310 which provides that "[a] mentally incompetent person, whether hospitalized or not, shall appear by guardian *ad litem* in an action by or against him." If the evidence shows a judgment was entered in violation of this requirement the judgment is void for want of jurisdiction. *South Carolina Department of Social Services v. McDow*, 276 S. C. 509, 280 S. E. (2d) 208 (1981); *Ex Parte Kibler*, 53 S. C. 461, 31 S. E. 274 (1898).

The salient facts on the issue of Nation's incompetency are as follows. The Rogerses purchased a mortgage that encumbered Nation's home. After the purchase, Mr. Rogers visited Nation's home to inquire about the delinquent status of the mortgage and talked to Nation and her daughter. Both expressed dissatisfaction with the installation of the aluminum siding that was installed on the home by a previous holder of the mortgage. The mortgage secured the note that was given in payment for the siding.

Upon Nation's failure to make her mortgage payments, the Rogerses commenced a foreclosure proceeding in November, 1979, and served Nation personally. Nation defaulted and the circuit court ordered the property sold at public sale. The foreclosure decree contained the usual provision that if the mortgagee was the successful bidder at the foreclosure sale, he need only pay the costs of the action and obtain title. At the foreclosure sale, the Rogerses were the successful bidders. Thus, they paid the costs of $100.00 and received title to the property. Nation refused to vacate the premises and the Rogerses sought her eviction, first through a rule to show cause pursuant to the foreclosure decree, then this eviction suit.

The only medical evidence presented by Nation to support her incompetency claim was that of Dr. Dimery, who testified that he treated Nation primarily for high blood pressure problems from February 1976 through November 3, 1978. When asked if Nation was incompetent during this period, he indicated she probably was and probably did not have the capacity to understand the significance of the mortgage foreclosure papers. He attributed her incompetence to a combination of high blood pressure, associated with the aging process and severe strain in caring for her incompetent husband.

Lay testimony consisted only of that of Nation's daughter who testified her father's illness was a terrible strain on her mother and she always took care of her mother's personal affairs for her. Significantly, she did not testify her mother was unable to do these things for herself, but instead indicated her mother was too busy caring for her father to do them.

On the other hand, Mr. Rogers and attorney Carol Steigner, the Rogerses' attorney in the foreclosure suit, both tesified that they had contact with Nation before the foreclosure suit was commenced and neither was able to detect that Nation was incompetent.

The trial court discredited Dr. Dimery's testimony primarily because he had never treated Nation for her mental condition and because he had not treated her for a year prior to the commencement of the foreclosure action. The court also saw it as significant that Mrs. Nation could have cared for her incompetent husband, yet be incompetent herself.

It is implicit in the trial court's ruling that the credibility of the witnesses was an important consideration in its decision. Such a consideration must be left to the trial judge who saw and heard the witnesses testify. *Klutts Resort Realty, Inc. v. Down'Round Development Corporation,* 268 S. C. 80, 232 S. E. (2d) 20 (1977).

The burden of proving mental incompetency is upon the one who seeks to establish it. *Thompson v. Moore, supra.* The fact that one's mind is weakened by old age is not sufficient to show incompetency. *Lewis v. Lewis,* 199 S. C. 490, 20 S. E. (2d) 107 (1942). To afford a basis for relief, Mrs. Nation's mental incompetency at the time of service of the foreclosure papers must have been "so great as to render her unable to comprehend or transact the ordinary affairs of life." *Edge v. Dunean Mills,* 202 S. C. 189, 195, 24 S. E. (2d) 268, 271 (1943). "It must be shown ... by credible evidence that the subject, because of mental impairment, has become incapable of managing his own affairs whether from age, disease or affliction." *Thompson v. Moore,* 227 S. C. at 422, 88 S. E. (2d) at 356. A person is not considered mentally incompetent merely because he is ignorant of his legal rights. *Edge v. Dunean Mills, supra.*

Considering the evidence and recognizing the role of the trial judge in assessing the veracity of witnesses, we think the evidence amply supports the trial judge's ruling. Accordingly, the order of the trial court is affirmed.

Affirmed.

GARDNER and GOOLSBY, JJ., concur.