JOHN PATTON v. ANTOINE FURTHMIER.

1. GUARDIAN *Ad Litem; When Error to Appoint.* Where a defendant is of age, and is under no legal disqualification, it is error to appoint a guardian *ad litem,* and thus oust him from the control and management of his defense.

2. ———— Where an action is commenced against a minor, and judgment rendered against him without the appointment of a guardian *ad litem,* and without his appearance at the trial, and thereafter, on his becoming of age, upon his petition the judgment is vacated and set aside, and the case set down for trial, it is error then to appoint a guardian *ad litem* and permit such guardian to take charge of and control the defense; and a judgment rendered in such trial against him by his next friend and guardian *ad litem* will be reversed.

*Error from Miami District Court.*

THE opinion contains a full statement of all facts necessary to an understanding of this case. The district court, at the September Term 1873, W. F., judge *pro tem.,* presiding, gave judgment in favor of *Furthmier,* and *Patton* brings the case here on error.

*B. F. Simpson,* for plaintiff in error.

*Wagstaff & Massey,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: In 1868 an action was commenced by defendant in error before a justice of the peace against plaintiff in error and his father. In that action judgment was rendered against both defendants. This judgment was appealed to the district court, and upon a trial judgment was there rendered against plaintiff in error alone. During all these proceedings no guardian *ad litem* was appointed for plaintiff in error, and in the district court no appearance was made by him. Subsequently, and in 1871, plaintiff in error filed his petition to have this judgment set aside, alleging that he was a minor during all those proceedings, that no guardian *ad litem* had been appointed, that he was absent at the time of

the trial in the district court, and that he had a valid defense, etc., and that he had since become of age. On the hearing of this petition the court found all its allegations to be true, and set aside the judgment. Thereafter the original case coming on for trial, the defendant in error moved for leave to amend his bill of particulars by inserting in lieu of the name of plaintiff in error alone, his name by a guardian *ad litem*, which motion was sustained, a guardian *ad litem* appointed, who appeared, accepted the appointment, and filed his answer, and thereafter the trial, verdict and judgment were against the plaintiff in error by his next friend and guardian. To reverse this judgment this proceeding in error has been brought, and the error alleged is the appointment of a guardian *ad litem*, and permitting him to answer and take charge of the defense of the plaintiff in error. We think the objection well taken. When a party is of age, and under no legal disqualification, the proceedings must be against him, and he cannot be ousted from the control and management of his defense. The fact that at the commencement of these proceedings he was a minor, and that then a guardian *ad litem* ought to have been appointed, does not justify the appointment of one after he has become of age and is entitled to the control and management of his defense. It stood as though he had been of age at the commencement of the proceedings. He and his property are responsible for any judgment that may be rendered against him. He certainly, therefore, unless under some legal disqualification, should be allowed to take such measures as his judgment dictates are best to protect his interests; and to take this right from him, and commit it to the discretion of another, who at the best cannot have the same personal interest that he has, is doing him a manifest wrong.

For this error the judgment must be reversed, and the case remanded for a new trial.

All the Justices concurring.