In re ROUSOS.

(Supreme Court, Special Term, Monroe County.   September 28, 1909.)

1. ALIENS (§ 60*)—NATURALIZATION—STATUTES.
       Naturalization is a matter of statute, which is of uniform application, and should receive uniform construction throughout all the states.
       [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 117, 118; Dec. Dig. § 60.*]

2. INFANTS (§ 78*) — ACTIONS — NECESSITY OF GUARDIAN AD LITEM OR NEXT
    FRIEND.
       An infant may sue or be sued; but he cannot prosecute or defend his suit alone, and a guardian ad litem or next friend must be appointed.
       [Ed. Note.—For other cases, see Infants, Cent. Dig. § 195; Dec. Dig. § 78.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. INFANTS (§ 68\*)—CRIMINAL RESPONSIBILITY—INTERVENTION OF GUARDIAN.

An infant is amenable for crime, and he must plead without intervention of a guardian, and must suffer the penalty when found guilty.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 174; Dec. Dig. § 68.\*]

4. INFANTS (§ 88\*)—ATTAINMENT OF MAJORITY PENDING ACTION—GUARDIAN AD LITEM—APPOINTMENT.

Where a suit is instituted against an infant without the appointment of a guardian ad litem, it is error to appoint one after he becomes of age, as he may then control and manage his defense, and the case stands as if he had been of age at its commencement.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 253; Dec. Dig. § 88.\*]

5. CITIZENS (§ 2\*)—ELECTIONS (§ 68\*)—WHO ARE "CITIZENS"—"ELECTORS."

A "citizen" is one who owes allegiance to the state, and he has a right to reciprocal protection from it; but "citizen" and "elector" are not synonymous, for the qualifications of a voter are prescribed by the laws of the different states.

[Ed. Note.—For other cases, see Citizens, Cent. Dig. § 1; Dec. Dig. § 2;\* Elections, Cent. Dig. § 63; Dec. Dig. § 68.\*

For other definitions, see Words and Phrases, vol. 2, pp. 1164–1174; vol. 8, pp. 7602, 7603; vol. 3, pp. 2341, 2342.]

6. ALIENS (§ 63\*)—NATURALIZATION—MINOR RESIDENTS.

The naturalization act, giving an infant 18 years old the right to declare his intention to become a citizen, invests an infant of that age with discretion sufficient to adequately understand his right; and where he declares his intention to become a citizen he may during his minority institute a proceeding for admission to full citizenship.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 126, 127; Dec. Dig. § 63.\*]

In the matter of the petition of Spiro Rousos to be admitted a citizen of the United States. Application granted.

Upon objections made by the government to the petition of Spiro Rousos for admission to citizenship in the United States, upon the ground that the petitioner had not attained the age of 21 years at the time his petition was filed, although he had attained such age at the time of the hearing.

BENTON, J. Naturalization is a matter of statute. The petitioner has complied with all the statutory provisions relative thereto. There is no contention as to his intelligence and character. He is now 21 years and over. At the time he filed his petition he was not 21. Objection is made that he is ineligible to be admitted on that account. The statute does not say so. He has complied with all its provisions.

After reaching the age of 18 years, he declared on oath his intention of becoming a citizen in due form. Not less than 2 nor more than 7 years after he made such declaration he filed his petition in writing, literally and absolutely within the language of the statute. For the court to now say that he cannot do what the statute says he may nullifies the terms of the act. This statute is of uniform application. Whatever may be the different rules and usages of the state statutes, this should have uniform construction throughout all the states.

It is claimed that an infant may not institute a proceeding in court, being unable or disqualified so to do until he reaches majority. This

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

disqualification, however, is not uniform. By statute in this state, an infant over 14 years may petition, in person and without the intervention of a special guardian, the court for the appointment of a general guardian. It seems to me that this statute must be construed to say that an infant over 20 years of age may petition the court for citizenship. To hold otherwise would be in effect, by judicial legislation, to interpose a proviso in the statute which Congress did not put there. The terms of the act are plain. Why not hold they mean what they say? The construction claimed would necessarily mean that it must be construed as if it read not less than 2 years, provided he be not less than 21 years of age after he made such declaration, etc.

It is not true that an infant is not capable of suing or being sued. He is capable of both; but he is not considered to have sufficient discretion to adequately enforce or protect his rights, and hence he is not allowed to prosecute or defend his suit alone. In order that full justice may be done him, it is necessary that a guardian ad litem or a next friend be appointed to safeguard his interests. 22 Cyc. p. 634. In Louisiana an infant may be emancipated, so that he may sue without guardian ad litem or next friend. Beauchamp v. Whittington, 10 La. Ann. 646. He is amenable for crime, and pleads without intervention, and must suffer the penalty when found guilty.

If a suit is instituted against a minor without the appointment of a guardian ad litem, who ought then to be appointed, it is error to appoint one after he becomes of age. He is then entitled to the control and management of his defense, and the case stands as if he had been of age at the commencement of the proceedings. Patton v Furthmier, 16 Kan. 29, 30. It is also held that a seaman over 14 years of age may sue for his wages without the appointment of a guardian ad litem. 22 Cyc. 636, citing Brown v. The Henry Pratt, 4 Fed. Cas. p. 384, No. 2,010. In some jurisdictions, the disability of infancy may be removed by judicial emancipation. 22 Cyc. 518.

"Citizen" and "voter" and "elector" are not synonymous. Women and minors are eligible to citizenship; but they cannot vote. The qualifications of a voter are prescribed by the laws of the different states. A citizen may be defined to be one who owes allegiance to the state and has the right of reciprocal protection from it. In terms, the naturalization act gives the minor after he reaches the age of 18 years the right to choose his citizenship, and it thereby invests him with discretion sufficient to adequately understand his right; and if at 18, without the intervention of a guardian or next friend, he may determine under what government he will become a citizen, at 20 why is he not equally entitled to take the final step in becoming a citizen? The rule fails where the reason thereof fails.

Therefore I conclude that, having done all the statute required of him, this applicant is entitled to be sworn as a citizen of the United States of America.

So ordered.