## IN RE ESTATE OF GEORGE ISAAC.

### GEORGE R. ISAAC, EXECUTOR, APPELLEE, v. CHARLES F. VINSON, ADMINISTRATOR, APPELLANT.

#### FILED JUNE 12, 1922. No. 22086.

1. **Appeal:** FINAL ORDER. An order of a county court appointing a guardian *ad litem* in proceedings for the probate of a will is not a final order from which an appeal can be taken before final decree.

2. **Insane Persons:** GUARDIAN AD LITEM: APPOINTMENT: REVIEW. Where a county court has jurisdiction of proceedings to probate a will, it has jurisdiction to appoint a guardian *ad litem* for an infant or incompetent who is interested in the proceedings, but such appointment, if erroneously made, may be challenged upon an appeal from the final decree, and may be subject to reversal by a reviewing court.

3. ———: ———: ———. In order to justify the appointment of a guardian *ad litem* for a defendant on the ground of incompetency, such incompetency must be alleged, the court should be satisfied from the proofs that such a status exists, and a finding to that effect should be made.

4. ———: ———: ———: REVIEW. Where the only ground alleged in a petition for. the appointment of a guardian *ad litem* is that a petition was on file in the county court praying for the appointment of a general guardian, and no notice was given to the proposed ward of the application, and no evidence was taken as to the fact of incompetency, and no finding made that the proposed ward was incompetent, an order appointing a guardian *ad litem* was erroneous, and may be reviewed upon an appeal from the final decree.

5. ———: ———: ———: WILLS: ELECTION: REVIEW. A purported election to renounce the provisions of a will by the ward, and an election to take under the statute of descent, filed by a guardian so appointed, may also be reviewed after final decree, and may be set aside if the guardian *ad litem* was erroneously appointed.

6. **Evidence:** PRESUMPTION. A presumption may not be used to nullify facts shown by a judicial record.

7. **Insane Persons:** GUARDIAN AD LITEM: APPOINTMENT: PRESUMPTION. A presumption that the appointment of a guardian *ad litem* was regular and was based upon sufficient allegations and proof

will not be indulged in, where the record recites the actual facts and establishes the insufficiency of the proceedings.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Claude S. Wilson, Albert S. Johnston, John J. Ledwith* and *John H. Barry,* for appellant.

*Burkett, Wilson, Brown & Wilson, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, ALDRICH, DAY and FLANSBURG, JJ.

LETTON, J.

The county court of Lancaster county entered a final order and decree of distribution in the matter of the estate of George Isaac, deceased. An appeal was taken to the district court, the decree of the county court was reversed, and an order of distribution was made in that court materially different from that of the lower court. From the decree of the district court this appeal is taken.

George Isaac died in December, 1917, leaving surviving him his widow, Lucy Isaac, or Lucy P. Isaac, as she is termed in some of the proceedings, and one son, George R. Isaac. He left a will whereby he devised a life estate in all his property to his wife, with remainder to his son, George R. Isaac. Notice of proceedings for the probate of the will was duly given. A hearing was had on February 14, 1918. On the same day there was filed a petition for the appointment of a guardian *ad litem* for Lucy Isaac. This was signed "George R. Isaac, by Harlan A. Bryant, his attorney." The authority of Bryant to file this petition is challenged by Isaac, and the petition is also attacked as not alleging facts sufficient to give the court jurisdiction to appoint a guardian *ad litem.* On the same day an order was made on this petition, appointing John J. Ledwith guardian *ad litem,* who accepted the appointment, entered his voluntary appearance in the proceedings, and filed formal objections to the probate of the will. On the same day, after a hearing, the will was probated. A few

days afterwards Mr. Ledwith, as guardian *ad litem,* filed a paper alleging the incompetency of Lucy Isaac, her refusal to accept the provisions of the will, and her election to take under the statute of descent and distribution.

Lucy Isaac died before the final settlement of the estate of George Isaac in the county court. When the decree of distribution came to be made, the county court considered that, having, by her guardian *ad litem,* elected to renounce the provisions of the will, Lucy Isaac was entitled to one-half of the estate and George R. Isaac the other half, and entered a decree accordingly. On appeal to the district court this decree was reversed, and the whole estate awarded to George R. Isaac. This is an appeal from the latter decree.

The question involved is whether the devisees of Lucy Isaac shall take one-half of the estate, or whether the son, George R. Isaac, shall take the whole estate as remainderman.

George R. Isaac, the appellee, contends that Lucy Isaac was not incompetent; that the petition for the appointment of a guardian *ad litem* was insufficient; that no notice was given and no hearing had on the question of incompetency; that the order of appointment is void on its face; that the guardian *ad litem* had no authority to make the purported election for the widow who was sane at that time.

On November 5, 1917, an application had been filed in the county court by William A. Newsham, her son, alleging that Lucy Isaac was incompetent, and asking for the appointment of a guardian for her person and estate. Lucy Isaac filed objections to the petition, denying her incompetency, but no hearing had been had on the issues thus raised at the time of the appointment of the guardian *ad litem.* The only ground alleged in the petition for the appointment of the guardian *ad litem* is as follows: "That there is also on file in this court a petition praying for the appointment of a guardian of the person and estate of Lucy Isaac, wife of the said George Isaac, deceased, for the

reason that she is old, infirm and mentally incompetent to care for and manage her estate."

The mere fact that such a petition had been filed in another proceeding did not authorize the appointment of a guardian *ad litem* in this proceeding, and the order of appointment was erroneous. To justify such an appointment, which may have the effect to deprive a person of the control of litigation in which his interests may be largely involved, the fact of incompetency should be specifically alleged, and the court should be satisfied from the proofs that the status of incompetency actually exists at the time the appointment is made. A finding of incompetency should be made. *Patton v. Furthmier*, 16 Kan. 29; *Spencer v. Popham*, 5 Redf. Sur. (N. Y.) 425; *Patton v. Taylor*, 144 Ark. 254; *Ex parte Trice*, 53 Ala. 546. The court did not find that Lucy Isaac was incompetent, but merely found that a petition had previously been filed in that court for the appointment of a general guardian for her, on the ground of mental incompetency. This was insufficient ground for the appointment.

It is shown that, upon a subsequent decree in such proceedings appointing a general guardian, a supersedeas was filed and an appeal taken. While the appeal was pending, Lucy Isaac died, and the proceedings were dismissed, so that she was never in fact under guardianship. A great deal of testimony was taken in the district court in the case at bar, as to whether she was ever in fact incompetent. That court found that she was sane, and the evidence, though in sharp conflict, is sufficient to support the finding.

It is asserted that the order appointing the guardian *ad litem* was a final order, and therefore, not having been appealed from, it may not be attacked. Such an order does not fall within the statutory definition of a final order. Rev. St. 1913; sec. 8176; *In re Hathaway*, 111 Cal. 270. It is merely an incident in the proceedings, and of itself affects no substantial right, although such rights may be affected by subsequent action, or omission to act, by the appointee. The authority of the appointee to act may be challenged

at the time of the final hearing, and may be reviewed in an appellate court.

It is insisted that George R. Isaac is estopped from complaining of this appointment, since it was made on his petition, and he was present and assenting to the order when it was made. He denies this. The evidence is conflicting, but there is sufficient to sustain the finding of the district court on this point.

Appellant argues: "The effect of appointing a guardian *ad litem* as to the fact upon which the appointment is based is, like any other judgment of a court, conclusive proof of the facts upon which the judgment is based." And also says: "The appointment of a guardian *ad litem* to appear and answer for the respondent necessarily presupposes that in a previous stage of the case her mental condition and capacity had been inquired into and the fact of her insanity during the pendency of the suit duly ascertained and adjudicated"—quoting from *Little v. Little,* 13 Gray (Mass.) 264. But where the record itself discloses that no allegation of incompetency was made in the petition, that no notice was given to the alleged incompetent, that no hearing on the question took place, and no finding of incompetency was ever made, the appointment cannot presuppose such an ascertainment and adjudication. A presumption cannot be used to nullify facts shown by a judicial record.

We find no error in the decree of the district court, and it is, therefore,

AFFIRMED.