### MORRIS FERTILIZER CO. v. BONNER

### SO. ATLANTIC FERTILIZER CO. v. BONNER

#### (119 S. E., 826)

1. BILLS AND NOTES—INSTRUCTION AS TO LACK OF MENTAL CAPACITY HELD CORRECT.—Where defendant maker of a note pleaded a want of mental capacity, an instruction that it was incumbent on defendant to establish that "at the time" of the transaction involved he did not have sufficient mental capacity to understand the effect of the transaction, *held* a correct statement of law and not to limit defendant to direct proof of his mental condition at the precise moment the transaction was entered upon.

2. INSANE PERSONS—PARTY ALLEGING INSANITY HAS BURDEN OF PROVING IT.—A party alleging insanity or want of mental capacity must establish it by a preponderance of the evidence.

3. INSANE PERSONS—EVIDENCE AS TO INSANITY BEFORE OR AFTER EXECUTION OF NOTE ADMISSIBLE.—In an action on a note any evidence as to insanity or incapacity on the part of defendant maker both before and after the execution of the note is admissible, subject to proper restrictions as to remoteness.

4. INSANE PERSONS—REFUSAL OF REQUEST THAT WHEN DEFENDANT ESTABLISHED INCAPACITY THE BURDEN AS TO CAPACITY AT EXECUTION OF CONTRACT SHIFTED HELD PROPER.—Where, after actions on defendant's note were commenced, defendant was adjudged incom-

---

Note: On capacity to make contract as affected by mental conditions, see note in 3 L. R. A. (N. S.), 174.

On presumption and burden of proof as to sanity, see note in 36 L. R. A., 721.

On question of presumption of continuance of insanity of person adjudged to be insane, see notes 35 L. R. A., 117 and 7 A. L. R., 588.

petent, a refusal to charge that when defendant established mental incapacity the burden shifted as to capacity at the time of the contract *held* proper.

5. EVIDENCE—RULE AS TO PRESUMPTION OF CONTINUATION OF INSANITY STATED.—The rule that insanity, once proved, is presumed to continue, applies only in cases of chronic or permanent nature, and if the malady is occasional or intermittent in its nature this presumption does not arise.

Before W. S. HALL, SPECIAL JUDGE, Spartanburg, November, 1922.   Affirmed.

Separate actions tried together by the Morris Fertilizer Company and the South Atlantic Guano Company against G. W. Bonner.   From judgments for plaintiffs, defendant appeals.

The exceptions referred to in the opinion follow:

(2) The Court erred as to matter of law in instructing the jury: "So that when one comes into Court and sets capacity to understand the nature, the legal effect, of his transactions, then the burden of proof is on such party to up a plea of insanity, or rather want of sufficient mental establish by the greater weight of the testimony, or preponderance of the testimony, that at the time of the particular transaction such person did not have mind enough or mental capacity enough to understand the nature and effect of his contract or transaction"—the error being that the Court erred in placing the burden of proof, at the particular time of the transaction, upon the appellant, as to his mental condition; the error being that on questions of sanity or mental capacity, the general character or condition is the only evidence which is capable of being given.   The law does not require a definite or particular time, as the exact time the notes were given, that specific want of capacity at that time must be established, and there was error in limiting the proof to the time of the particular transaction, and destroying the effect of all testimony, except that of facts and circumstances contemporaneous, and at the instant of execution of the notes sued on.

(3) Because the Court erred in charging: "It is conceded that it was on January 2, 1920, and in the South Atlantic case, April 21, 1920. That was the time the contract was made for the purchase of fertilizers. Now, these notes were given at a subsequent date, May. So you are to determine from the evidence in the case whether or not the defendant, George W. Bonner, through his committee, has established by the greater weight of the testimony to your satisfaction that George W. Bonner at the time of these transactions did not have mind enough or sufficient mental capacity to understand what he was doing, to understand the nature of his conduct or its effect. If the defendant has satisfied you by the greater weight of the testimony that at the time of these transactions George W. Bonner did not have mental capacity sufficient to understand the nature of the transaction, why then he is not liable." The error being that having required the appellant to assume the burden of establishing the want of capacity at the particular times, to wit, January 2, 1920, and April 21, 1920, and May, when the notes were given—the notes being the cause of action—it was error to require the appellant to establish by the greater weight of the evidence a want of capacity for three different transactions, one in January, one in April, and one in May, 1920. If the appellant satisfied the jury that at the time of giving the note he was not of sufficient mental capacity, then under the law he was not liable. The Court erred in using the word "transactions." It should have been limited to transaction of giving the note.

(4) Because the Court erred in requiring the appellant to assume the burden of establishing his want of capacity, not when the note was executed, but on three different occasions; in effect, requiring appellant to establish his defense on three different occasions, instead of the time of giving the notes.

(5) Because the Court erred in charging the jury: "On the other hand, if the defendant establishes by the greater

weight of the testimony that at those times he did not have sufficient mental capacity to understand the nature of his obligation or contract, then your verdict would be for the defendant, provided you do not also find that provided the fact that he may not have had mind enough to understand the nature of the transaction at the time when it was consummated, yet if afterwards at lucid periods he recognized and understood the nature of his obligation, he ratified the same, why then he would still be bound, because a contract made by a person who is insane is not void, but is voidable," the error being that the Court assumed, if at any subsequent time the appellant's mind became lucid, that such capacity would amount to ratification, and misled the jury; whereas, not only must the appellant's mind have had capacity, but there should have been proof that a capable mind was exercised in making a ratification. Ratification is not a capacity of mind, but an exercise of such capacity with the intent and purpose to ratify an act.

(6) Because the Court erred in modifying the defendant's first request to charge, in that he did not charge the jury as requested: "I charge you that mental incapacity is an affirmative defense, and the burden is upon the defendant to establish it by the greater weight of the evidence, but when established, then the burden shifts as to capacity at the time of contract"—the error being that the Court failed to charge, "but when established, the burden shifts as to capacity at time of contract," and placed upon the defendant the burden of proving the want of capacity at the exact time of making the contract, while the rule is that, if a want of capacity is established before the contract was entered into, then it continued, and the burden is upon the plaintiff to show that at the time of the contract the defendant had the capacity to contract.

*Mr. Cornelius Otts,* for appellant, cites: *General conduct may be proven:* 1 Wig. Evid. (2d Ed.), Paragraphs 227-29; 1 Whar. & Stille Med. Jurs., Par. 370. *Insanity*

*once established is presumed to continue:* 98 N. W., 468; 53 Barb (N. Y.), 180; 2 Har. (Pa.), 375; 33 Ala., 187; 86 S. E., 587; 66 Atl., 374; 125 N. W., 664.

*Messrs. Carlisle & Carlisle,* for respondents, cite: *Capacity at the time of execution of notes is the controlling fact:* 76 Tex., 574; 3 Hill, 74; 3 Brev., 390; 71 S. C., 336; 105 S. C., 329; 90 S. C., 208; 16 A. & E. Enc. L., 606; 35 L. R. A., 120; 22 Tex. App., 279; 133 Ill., 382; 38 Cal., 183; 40 Wis., 304.

November 9, 1923.

The opinion of the Court was delivered by MR. JUSTICE MARION.

In two actions, tried together in the Circuit Court, the plaintiffs recovered judgments against the defendant, G. W. Bonner, from which judgment he appeals.

The actions were based upon promissory notes executed by the defendant in May and June, 1920, pursuant to contracts previously signed by him wherein he had agreed to handle fertilizer for the two plaintiffs. The defense was "a want of mental capacity."

The first exception was abandoned. Let the remaining exceptions (2 to 6, inclusive), be reported.

In the printed argument of appellant the second, third, and fourth exceptions are grouped and treated as raising substantially the same question, viz., whether the trial Judge erred in charging that it was incumbent on defendant to establish by the greater weight of the evidence that "at the time" of the particular transactions involved in the litigation he did not have mind enough or mental capacity sufficient to understand the nature and effect of his contract or transaction. The error suggested is "that from the nature of such cases only general testimony can be given." Apparently, the point sought to be made is that the charge deprived the defendant of the benefit of proof tending to establish general insanity prior to the time of

the transactions in question and limited him to direct proof of the mental condition of the party at the precise moment of time the transactions were entered upon.

   We do not think the charge may fairly be so construed. That a party alleging insanity or want of mental capacity is bound to establish it by the preponderance of the evidence is elementary. 22 Cyc., 1117. The issue here joined was not whether defendant was mentally incapacitated before or after the execution of the obligations sued on, but whether he was so incapacitated or incapable at the time of the transactions involved. Upon that issue any evidence as to insanity or incapacity, both before and after that time, was relevant and admissible subject to a proper restriction as to remoteness. 22 Cyc., 1117, 1118. The charge did not deprive the defendant of the benefit of any evidence of that character tending to establish incapacity at the time of the particular transactions here involved, and was a correct statement of the law as to the controlling issue of fact for determination by the jury. See *Team v. Bryant,* 71 S. C., 336; 51 S. E., 148. *Black v. Ellis,* 3 Hill, 74. *Cathcart v. Matthews,* 105 S. C., 329; 89 S. E., 1021.

   The second point made (Exception 5), is that the charge as to ratification was erroneous in that is assumed that a mere capacity to ratify was equivalent to actual ratification. The objection suggested would seem to be based upon a misapprehension of what the Court actually charged. If not, we see no basis for the criticism, and the exception thereto directed is overruled.

   The only remaining question (Exception 6), is whether the Circuit Judge committed prejudicial error in failing to charge the italicized portion of the following request:

   "I charge you that mental incapacity is an affirmative defense, and the burden is upon the defendant to establish it by the greater weight of the evidence, *but when established*

*the burden shifts as to capacity at the time of the contract."*

In establishing the defense of mental incapacity, proof of the defendant's incompetency after the time of the transactions in issue was entirely relevant. In the cases at bar it appeared that, after the actions were commenced, the defendant was adjudged incompetent and a committee appointed. The establishment of that fact would, of course, raise no presumption that the defendant was incompetent at the time prior contracts were made, and could have no effect upon the burden of proof "as to capacity at the time of" such contracts. The charge as framed was open to the construction that the establishment of mental incapacity either before or after the making of the contracts involved would shift the burden of proof, and in that view was properly refused. But, in any view, we thing the requested charge could not have been given without modification. Whether proof of previous incapacity would raise such a presumption of the continuance of that condition as would shift the burden of adducing evidence as to the party's condition at the time of the transactions involved would depend upon the nature of the previous incapacity established—whether general, habitual, and confirmed, or temporary, occasional, or recurrent in character.

The principle applicable is thus correctly stated in 16 A. & E. Ency. of Law (2d Ed.), 606:

"This rule—that insanity once proved is presumed to continue—obtains only in cases of a chronic or permanent nature. If the malady is occasional or intermittent in its nature, the presumption does not arise, and he who relies on insanity proved at another time must prove its existence also at the time alleged."

There was no error in refusing the requested instruction, and the exception thereto directed must be overruled.

The judgment of the Circuit Court is affirmed.