## Wood's Naturalization.

KNIGHT, J., Dec. 21, 1928.—On April 17, 1928, Amelia Draiser Wood filed with the prothonotary of this court her declaration of intention to become a citizen of the United States.

On June 14, 1928, in pursuance of her declared intention, Mrs. Wood filed her petition for naturalization, which was heard by this court on Sept. 14, 1928.

At the hearing it appeared that the applicant is fully qualified to become a citizen, but the Government objected to her admission solely on the ground that she was not twenty-one years of age, and the matter was held under advisement.

The applicant was born on Sept. 25, 1909, and was over eighteen years of age when she filed her declaration of intention.

On March 6, 1928, she married Charles Wood, a citizen of the United States.

As the alien wife of a citizen of the United States, no declaration of intention was required, although the applicant filed one: Act of Sept. 22, 1922, ch. 411, § 2, 42 Stat. at L. 1022.

Under the provisions of the same act, the five-year period of residence within the United States was reduced in cases like the present to one year.

Can a person under the age of twenty-one be naturalized under the present law?

If so, can such a person present her petition in her own name, or must she proceed by a guardian or next friend?

While there is some authority to the contrary (see In re Chamorra, 298 Fed. Repr. 669), the more recent decisions answer both of these questions in the affirmative.

Judge Morris in the District Court for Delaware, in the matter of the petition of Maria Fortunato, 8 Fed. Repr. (2nd series) 508, held in a well-considered opinion that a minor over the age of eighteen years could petition for admission to citizenship regardless of whether he or she is at that time twenty-one years of age, and that such petition may be prosecuted personally without representation by a guardian or next friend.

Judge Morris quotes with approval the earlier case of Re Rousos, 119 N. Y. Supp. 34, in which the Supreme Court of New York held: "In terms, the Nationalization Act gives the minor, after he reaches the age of eighteen years, the right to choose his citizenship, and it thereby invests him with discretion sufficient to adequately understand his right; and if at eighteen, without the intervention of a guardian or next friend, he may determine under what government he will become a citizen, at twenty, why is he not equally entitled to take the final step in becoming a citizen? The rule fails where the reason thereof fails."

All doubt on the question seems to have been resolved, however, by the Circuit Court of Appeals of the 5th Circuit, which held, in an opinion filed Jan. 30, 1928, in United States v. Stabile, 24 Fed. Repr. (2nd series) 98, that an alien is not debarred from admission to citizenship because not yet twenty-one years of age, and he may petition in his own name.

We are not unmindful that Judge Swartz, whose opinion we hold in high regard, in 1889 held, in the case of the Application of Patrick Lawler, 5 Montg. Co. Law Repr. 77, that a minor could not be naturalized or indeed enter his declaration of intention except through a guardian or next friend. This was the prevailing opinion among the courts at that time.

Since the Act of Congress of 1906 on the subject of naturalization it has become the common practice for minors to file their declarations of intention personally, and in the light of the later cases cited and quoted above, we are of the opinion that a minor may present his or her petition for naturalization in person, and a guardian or next friend is not required.

And now, Dec. 21, 1928, the petition of Amelia Draiser Wood for admission to citizenship is granted and the applicant is directed to appear in Court-room No. 1 on Friday, Jan. 11, 1929, to take the oath of allegiance.

Aaron S. Swartz, Jr., Norristown, Pa.