14732

BARR v. ONE 1935 V-8 FORD TRUCK *ET AL.*

(198 S. E., 389)

*Mr. J. Frank Eatmon,* for appellant,

*Mr. C. C. Cannon,* for respondent,

July 27, 1938.

The opinion of the Court was delivered by MR. L. D. LIDE, ACTING ASSOCIATE JUSTICE.

Judge Barr, a colored man residing in Williamsburg County, recovered a judgment on April 19, 1937, against the defendants above named. On July 12, 1937, a purported satisfaction of this judgment was entered for record in the Clerk of Court's office for Williamsburg County. On December 6, 1937, W. W. Holliday, a white citizen of Kingstree, presented a verified petition to the Clerk of Court for the County of Williamsburg asking that E. F. Martin be appointed guardian *ad litem* for Judge Barr, "insane person", so that action might be brought in his name and on his behalf to set aside the satisfaction of judgment; and upon this petition E. F. Martin was appointed such guardian *ad litem*. And it should be stated that notice had previously been given to Barr and his wife Ella Barr, with whom he resided, that this application would be made.

On December 7, 1937, E. F. Martin, as guardian *ad litem* for Judge Barr, served a summons and complaint upon the defendants wherein he alleged: "(a) That the purported satisfaction of judgment was not in fact executed by his ward; (b) the incompetency of his ward at the time of the execution of the said satisfaction of judgment, if he had in fact executed same; (c) and also that it had been secured fraudulently and without consideration".

Subsequently, to wit, on December 13, 1937, the Clerk of Court upon the *ex parte,* oral application of the attorney for the defendants, without notice, revoked his former order appointing a guardian *ad litem,* on the ground that he was without any authority to sign such an order for the reason that Judge Barr had not been declared insane or a person *non compos mentis.* Thereafter the defendants interposed what was entitled an answer, the contents of which are not set forth in the transcript of record, but it is therein stated that it was construed as a special appearance objecting to the jurisdiction of the Court on the ground that the order appointing a guardian *ad litem* had been revoked. In due course the same came on to be heard before Hon. Philip H. Stoll, Judge of the Third Circuit, and upon such hearing he granted an order dated January 5, 1938, holding that the appointment of a guardian *ad litem* by the clerk was improper and improvident, and hence properly revoked, and that the complaint should therefore be, and it was dismissed. This appeal is prosecuted from that order.

There are three exceptions, but the cardinal question for our consideration is raised by the second exception, that is to say: Did the Clerk of Court have authority to appoint a guardian *ad litem* upon petition filed with him?

The only allegations contained in the petition relating to the alleged incompetency of Judge Barr are found in the first paragraph thereof which is as follows:

"That petitioner is a friend of the above named Judge Barr, and is informed and believes that the said Judge Barr is now and has been for several years past a person of un-

sound mind and incompetent to properly care for his person and wholly incapable of governing or managing any affairs of business."

There was no evidence before the Clerk of Court and nothing upon which he acted except the petition itself.

The General Assembly, by an Act approved February 12, 1937 (Acts S. C., 1937, page 47), provided how guardians *ad litem* should be appointed in actions by or against insane persons not confined in the State Hospital or any other place of confinement. This Act says, *inter alia*: "When the insane person is a plaintiff, the guardian *ad litem* shall be appointed upon application made by his committee or by a relative or friend and, if by a relative or friend, notice thereof must first be given to his committee, or, if he has no committee, to the person with whom he resides". Section 1. The Act further provides that application shall be made to and the appointment shall be made by the Court in which the action is prosecuted or by a Judge or the Clerk or the Master or by the Judge of the Court of Probate.

It is interesting to observe that prior to the passage of this Act there was no statutory provision for the appointment of a guardian *ad litem* for an insane person unless confined in the State Hospital or some other place of confinement. However, it was of course recognized that the Court has the inherent power to appoint such a guardian *ad litem,* and this power was duly exercised. *Ex parte Roundtree,* 51 S. C., 405, 29 S. E., 66; *Ex parte Kibler,* 53 S. C., 461, 31 S. E., 274.

It will be noted that the Act of 1937 does not provide as a prerequisite that there shall have been a previous adjudication of mental incompetency. On the contrary, it might be said that since it provides for the appointment of a guardian *ad litem* where there is no committee, it was expressly recognized that the Act would cover a case where there had been no inquisition of lunacy. And the authorities generally appear to hold that a guardian *ad litem* may be appointed although there has been no inquisition or

adjudication, but that the insanity of the subject should be made to appear. 32 C. J., 772-773. We think that the proper rule is clearly stated in the following excerpt from the opinion of the Supreme Court of Nebraska in the case of *In re Isaac's Estate,* 108 Neb., 662, 189 N. W., 297, where the Court says (page 298) :

"To justify such an appointment, which may have the effect to deprive a person of the control of litigation in which his interests may be largely involved, the fact of incompetency should be specifically alleged, and the Court should be satisfied from the proofs that the status of incompetency actually exists· at the time the appointment is made. A finding of incompetency should be made."

In other words, we think the Court or officer to whom the application is made should require proof, by affidavits or otherwise, reasonably sufficient to establish the fact that the subject is an insane person. The mere fact that the petition is based upon information and belief without giving the sources of information or the grounds of belief would not invalidate the appointment, provided, there was presented in support of the petition proof of mental incompetency of reasonable sufficiency. But if such a verified petition is offered for consideration as an affidavit, the sources of information and grounds of belief must obviously be stated therein.

While we do not desire to lay down a hard and fast rule as to the sufficiency of evidence, where there has been no previous adjudication, we do not think it amiss to call attention by way of analogy to Section 6234, Code, 1932, relating to the appointment of a committee for an insane person by the Probate Judge, which provides for the examination of the alleged insane person, if practicable, and such other witnesses as may be deemed necessary, at least two of whom shall be practicing physicians.

In the case at bar the petition not only failed to give the sources of information and grounds of belief, but was practically self-destroying, because it alleged that

Barr had been for several years past a person of unsound mind. Yet the purpose of the instant suit is to set aside the satisfaction of a judgment, which if this allegation be true, was obtained when Barr was an insane person. It is quite clear that Judge Stoll was correct in holding that there was no sufficient showing to warrant the appointment of a guardian *ad litem* by the Clerk of Court, and that the guardian *ad litem* so appointed was without authority to maintain the suit, and that the complaint should be dismissed.

The third exception, however, makes the point that since the guardian *ad litem* acted in good faith upon the authority given him by the Clerk of Court and commenced the action his appointment could not be revoked by the clerk upon an *ex parte* application without notice. We think the better practice would have been to give notice of a motion before the clerk to revoke the previous order, whether that order be considered void or voidable. Or, as suggested in the argument of the appellant, a motion might have been made before the Circuit Judge. But we do not think this is of any consequence in the instant case, for the reason that the whole matter came before the Circuit Judge very soon thereafter and the rights of no one were prejudiced by the course which was pursued.

In the order of Judge Stoll he recites the previous history of the litigation and among other things says: "Some time after entry of judgment, same was regularly marked satisfied by Judge Barr, the judgment creditor." Complaint concerning this statement is made in the first exception, upon the ground that this was a finding of fact involving the merits of the case when there was no evidence before the Court to support the finding. It is quite true that the question of the validity of the satisfaction was not before Judge Stoll, and any statement thereabout was purely an *obiter dictum* and of no effect. Indeed, we think he merely meant to say that the satisfaction purported to be regular. At all events, neither the order nor our affirm-

ance thereof shall be construed as adjudicating the validity or invalidity of the alleged satisfaction or as passing upon or determining in anywise any question relating to its execution or legality. Subject to this stipulation all the exceptions are overruled.

The order of the Circuit Court is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.