17031

FRANK R. THOMPSON, G. A. L., Appellant, v. MRS. ADDIS L. MOORE, Respondent

(88 S. E. (2d) 354)

418

*Charles Welborn, Esq.,* of Anderson, *for Appellant,*

*John C. Pracht, Esq.,* of Anderson, *for Respondent,* 

July 14, 1955.

J. WOODROW LEWIS, Acting Associate Justice.

This is an appeal from an order of Judge Pruitt of the Tenth Circuit vacating a previous order by him appointing appellant as guardian *ad litem* for appellant's father, William N. Thompson. Upon the verified petition of appellant an order was passed on August 21, 1954, appointing the appellant as guardian *ad litem* for his father for the purpose of bringing an action against the respondent for the recovery of money allegedly due by the respondent to the said William N. Thompson who, it was alleged, was incompetent by reason of his mental condition to bring the action. Upon the institution of the action by the appellant, the respondent moved before Judge Pruitt for an order vacating the previous order of appointment. After hearing the motion the circuit judge passed an order vacating the previous appointment of appellant as guardian *ad litem* and dismissed the action on the ground that "the proof of incompetency was insufficient to support the appointment."

The appellant first contends that the motion to vacate the order appointing him guardian *ad litem* constitutes a collateral attack upon the order of appointment previously

made. The procedure adopted by the respondent is not a collateral attack upon the order of appointment but is a direct one in the same proceeding which resulted in the appointment. The procedure here adopted is approved in the case of *Barr v. One Ford 1935 V-8 Ford Truck,* 188 S. C. 181, 198 S. E. 389, 391.

It is next contended that the issue of the mental competency of the subject herein presented a question of fact to be determined by the jury upon a trial of the case. The complaint contains no allegation that the subject was mentally incompetent at the time of the transaction alleged. Assuming, however, that the complaint did so allege, appellant confuses the issue of incompetency as it affects the right of the appellant to institute the present action and the right of recovery on the cause of action alleged in the complaint. The question before the circuit judge was not whether the subject was incompetent at the time of the transaction set forth in the complaint, but whether he was mentally incompetent at the time of the appointment of appellant as guardian *ad litem.*

The appearance of a mentally incompetent person as a party to litigation in this State is governed by statute. Section 10-236, 1952 Code of Laws, as amended by Act No. 836 of the 1952 Acts of the General Assembly, 47 St. at Large, p. 2066, provides that "a mentally incompetent person, whether hospitalized or not, shall appear by guardian *ad litem* in an action by or against him. * * * The application shall be made to, and the appointment made by, the court in which the action is prosecuted, or by the judge, or the clerk, or the master thereof, or by the probate judge of the county in which the incompetent person resides, or of the county in which the action is prosecuted."

The statutes do not provide for, nor contemplate, a jury trial on the question of mental competency upon application for the appointment of a guardian *ad litem* for an allegedly mental incompetent. In cases, as here, where there has been no previous adjudication of mental incompe-

tency it is required that the fact of mental incompetency be made to appear to the Court or officer making such appointment by proof reasonably sufficient to establish the fact, either by affidavit or otherwise. The question of the mental condition of the subject is one of fact to be determined by the Court or officer to whom the application is made, here the circuit judge. See *Barr v. One 1935 V-8 Ford Truck, supra.*

As stated in the *Barr case, supra:* " 'To justify such an appointment, which may have the effect to deprive a person of the control of litigation in which his interests may be largely involved, the fact of incompetency should be specifically alleged, and the court should be satisfied from the proofs that the status of incompetency actually exists at the time the appointment is made. A finding of incompetency should be made'."

The second position of the appellant cannot be sustained. The remaining exception charges error on the part of the circuit judge in holding that the proof of incompetency of the subject was insufficient to support the appointment of a guardian *ad litem.*

The only showing of incompetency before the circuit judge at the time of the appointment herein consisted of the allegations in the verified petition of appellant "that his father is an elderly man some seventy-nine (79) years of age and because of his said age he is incompetent to prosecute the action in his own name, and is not capable mentally of prosecuting or defending said action." The foregoing, unsupported by any other showing, is clearly insufficient ground upon which to base a finding of mental incompetency.

At the hearing of the motion to vacate the order of appointment the circuit judge had before him two affidavits offered by the appellant to sustain the previous order, one affidavit by the appellant and the other by his brother. The respondent offered no affidavits or other factual showing,

relying upon the claimed insufficiency of the showing by the appellant. The substance of the mentioned affidavits, as they pertain to the issues here, is that the appellant's father is incompetent to look after his affairs "because of his age, his eyesight and his hearing," "because he allows anyone to come along and 'sweet talk' him out of any money that he has on his person at that time," and "for the past ten (10) years or more, he has not been capable of handling money or business transactions." It is further stated that because of his incompetency their mother, prior to her death in 1951, handled all of his business affairs.

The term "mentally incompetent" is difficult of exact definition. Mental incompetency "in its ordinary meaning imports mental deficiency so great as to render one unable to comprehend or transact the ordinary affairs of life." *Edge v. Duncan Mills,* 202 S. C. 189, 24 S. E. (2d) 268, 271. It is not necessary that it be proved that the subject is a lunatic or that he has been previously adjudged insane. It must be shown, however, by credible evidence that the subject, because of mental impairment, has become incapable of managing his own affairs, whether from age, disease, or affliction. See 44 C. J. S., Insane Person, § 2, p. 39.

On the question of proof of incompetency it was stated in the case of *Barr v. One 1935 V-8 Ford Truck, supra:* "While we do not desire to lay down a hard and fast rule as to the sufficiency of evidence, where there has been no previous adjudication, we do not think it amiss to call attention by way of analogy to Section 6234, Code, 1932 [now Section 32-1001, 1952 Code], relating to the appointment of a committee for an insane person by the probate judge, which provides for the examination of the alleged insane person, if practicable, and such other witnesses as may be deemed necessary, at least two of whom shall be practicing physicians."

The conclusion of the circuit judge that the showing of incompetency was insufficient constitutes a finding of fact, binding on this Court unless unsupported

by the evidence. The burden of proving mental incompetency of the subject is upon the appellant who seeks to establish it. The showing made by the appellant constitutes at the most generalities and opinions that fall short of that proof required to sustain a finding of mental incompetency. The circuit judge correctly held that the proof herein was insufficient and properly vacated his previous order appointing appellant as guardian *ad litem* for the subject in this case.

The conclusions herein are without prejudice to the institution of new proceedings for the appointment of a guardian *ad litem* for the subject herein.

Affirmed.

STUKES, TAYLOR, OXNER and LEGGE, JJ., concur.