523 S.E.2d 804

**Barry A. WILSON, Jr., Appellant,**

**v.**

**Dallas D. BALL, Robert B. Lusk, and James D. Nance, of whom Dallas D. Ball, is, Respondent.**

**No. 3067.**

Court of Appeals of South Carolina.

Submitted Oct. 5, 1999.

Decided Nov. 1, 1999.

---

494

Francis T. Draine, of Columbia, for appellant.

Steven E. Farrar and William B. Swent, both of Greenville, for respondent.

GOOLSBY, Judge:

This is an appeal from an order of the trial court appointing a guardian ad litem for Barry A. Wilson, Jr. The trial court found Wilson incompetent under Rule 17(c), SCRCP, and appointed a guardian ad litem to represent him in this action. Wilson appeals, attacking both the court's finding of incompetency and its jurisdiction to make the finding. We reverse and remand.[1]

On January 18, 1989, a balcony upon which Wilson was standing collapsed, causing him to fall to the ground and suffer severe injuries, including some degree of mental impairment.[2] Wilson hired attorney Dallas Ball, the respondent, to prosecute a negligence claim against the Fortis Corporation and Womack Construction Company.

On May 8, 1995, the trial court called Wilson's case for trial. At that time, Ball represented to the court that an offer of settlement had been made by the defendants. Ball then requested to have a guardian ad litem appointed for Wilson

---

1. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

2. The record indicates that despite the accident Wilson completed his degree at Clemson University, received his real estate broker's license, and received a commercial driver's license.

based on mental incompetency. Judge Henry McKellar granted Ball's request and appointed Robert Lusk, an attorney, as Wilson's guardian ad litem. Based on Lusk's recommendation, Judge James Johnson approved a settlement between the parties for $150,000 on July 17, 1995.

Wilson subsequently retained attorney Francis T. Draine to bring suit against Ball, Lusk, and Fortis' and Womack's attorney, Robert Nance. Wilson's complaint alleges a cause of action for conspiracy against Ball, Lusk, and Nance, and a cause of action for legal malpractice against Ball. His complaint also seeks to have the settlement voided. Ball answered the complaint and moved to have a guardian ad litem appointed for Wilson, alleging Wilson was incompetent and could not proceed without one. In the alternative, Ball moved to have the action dismissed pursuant to Rule 12(b)(7), SCRCP.

On February 25, 1998, Judge Joseph Watson heard Ball's petition requesting a guardian ad litem for Wilson. By an order dated March 27, 1998, Judge Watson granted the motion and appointed Dottie C. Ingram guardian ad litem. In his ruling, Judge Watson, expressly referencing the Womack action, found there had been "no change of circumstance" since the dismissal of the Womack action "to warrant a finding that the Guardian ad Litem [was] no longer required for purposes of this litigation."

## I.

Wilson argues the trial court erred in requiring him to prove changed circumstances to establish his competency to litigate the instant action without a guardian ad litem. We agree.

The terms "guardian" and "guardian ad litem" have separate and distinct legal meanings; thus, persons appointed to serve in those capacities are charged with separate and distinct duties and obligations. A "guardian" is one given the power and charged with the duty of taking care of a person who is considered incapable of administering his or her own affairs and of managing his or her property and rights.[3] A

---

3. BLACK'S LAW DICTIONARY 834 (4th ed. 1968); see S.C.Code Ann. § 62-5-304(B) (Supp.1998) (statute authorizing the probate court to

"guardian ad litem," on the other hand, is one authorized to prosecute on behalf of or defend an incapacitated person in any suit to which the incapacitated person may be a party and to protect his or her interests in the particular litigation.[4]

In South Carolina, jurisdiction to adjudicate someone incapacitated and to appoint a guardian for the person is vested exclusively in the probate court.[5] Although the authority for a circuit court to appoint a guardian ad litem is inherent in the court itself,[6] Rule 17(c), SCRCP, expressly authorizes the circuit court to appoint a guardian ad litem for an incapacitated person, such as a minor or incompetent, if the incapacitated person "does not have a duly appointed representative."[7] Here, Wilson did not have a guardian or other "duly appointed representative."

For that matter, neither did Wilson have a guardian ad litem at the time Ball moved to have one appointed for him in this case. Lusk's appointment, which Judge Watson relied on so strongly, had ended with the dismissal of the Womack action.[8]

Generally, the party alleging incompetency bears the burden of proof of the issue.[9] Judge Watson, however, put the

---

appoint a guardian for a person who "is incapacitated" and for whom a guardian "is necessary or desirable as a means of providing continuing care and supervision of the person").

4. BLACK'S LAW DICTIONARY 834 (4th ed. 1968); *see Stefan v. Stefan,* 320 S.C. 419, 465 S.E.2d 734 (Ct.App.1995) (stating a guardian ad litem represents and protects the interests of a party during the litigation).

5. S.C.Code Ann. § 62–5–102 (Supp.1998).

6. *Barr v. One 1935 V–8 Ford Truck,* 188 S.C. 181, 198 S.E. 389 (1938).

7. Rule 17(c), SCRCP.

8. *Stefan,* 320 S.C. at 423, 465 S.E.2d at 736 ("Normally, ... the guardian [ad litem's] duties should end when the final order is issued."); *Blackwell v. Vance Trucking Co.,* 139 F.Supp. 103, 106 (E.D.S.C.1956) (A guardian ad litem "has no powers nor duties either prior to the institution of the suit or after its termination."); *Hagins v. Redevelopment Comm'n of Greensboro,* 275 N.C. 90, 165 S.E.2d 490, 497 (1969) ("[A guardian ad litem's] powers are coterminous with the beginning and end of the litigation in which he is appointed.").

9. *Thompson v. Moore,* 227 S.C. 417, 88 S.E.2d 354 (1955).

burden of proof on Wilson, the party denying the allegation of incompetency. He did so by referencing the finding of incompetency made by Judge McKellar at an earlier time in an ended law suit and by requiring Wilson to show the circumstances regarding his competency to protect his interest in litigation had changed since the court made those prior findings. This was error.

Because Wilson has never been adjudicated incompetent by the probate court and therefore enjoys the presumption of competency,[10] Ball had the burden of proving Wilson was now incompetent so as to require the appointment of a guardian ad litem to represent him in this action.

 We might add this comment concerning guardians ad litem. The very nature of a guardian ad litem dictates a fresh evaluation whenever a court is asked to appoint a guardian ad litem for an alleged incompetent adult who, as in the present case, resists the appointment. Courts should make every effort not to appoint guardians ad litem for persons who are competent. This is because no court should deprive "competent persons of the *right to control their own litigation.*"[11]

> There is something fundamental in the matter of a litigant being able to use his personal judgment and intelligence in connection with a lawsuit affecting him, and in not having a guardian's judgment and intelligence substituted relative to the litigation affecting the alleged incompetent. Furthermore, there is something fundamental in a party litigant being able to employ an attorney of his voluntary choice to represent him in court and in being free to reject or accept the advice of such attorney. The imposition of a guardian ad litem could very well substitute his judgment, inclinations and intelligence for an alleged incompetent's . . . . [12]

---

10. *Dominick v. Rhodes,* 202 S.C. 139, 24 S.E.2d 168 (1943); *Mordecai v. Canty,* 86 S.C. 470, 68 S.E. 1049 (1910); *cf. Morris Fertilizer Co. v. Bonner,* 126 S.C. 284, 119 S.E. 826 (1923) (stating there is a presumption of continuing incompetency once a party has been adjudicated by the probate court and had a guardian or committee appointed).

11. *Walker v. Frericks,* 292 S.C. 87, 93, 354 S.E.2d 915, 919 (Ct.App. 1987) (emphasis in original).

12. *Graham v. Graham,* 40 Wash.2d 64, 240 P.2d 564, 566 (1952).

## II.

■ Wilson's challenge to the trial court's jurisdiction to appoint a guardian ad litem without a finding of incompetency by the probate court first having been made is manifestly without merit.[13]

**REVERSED and REMANDED.**

CONNOR and ANDERSON, JJ., concur.

---

**13.** *Barr,* 188 S.C. 181, 198 S.E. 389; *Thompson,* 227 S.C. 417, 88 S.E.2d 354; *Grapner v. Atlantic Land Title Co.,* 307 S.C. 549, 416 S.E.2d 617 (1992); *see* Rule 17(c), SCRCP ("The court shall appoint a guardian ad litem for a minor or incompetent person not otherwise represented in an action or shall make such order as it deems proper for the protection of the minor or incompetent person...."); *cf.* 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 1570, at 776 (1991) (Even though Rule 17 uses the word incompetent, "[a] court's power to appoint a guardian ad litem has been broadly interpreted and has not been limited by a narrow construction of the words ... 'incompetent person.'").