THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina
 Department of Social Services, Respondent,
 v.
 Andrea L. and
 John W., Appellants.
 In the interests of two minor children.
 
 
 

Appeal From Richland County
 Donna S. Strom, Family Court Judge

Unpublished Opinion No. 2009-UP-017
 Submitted January 2, 2009  Filed January
 8, 2009   

AFFRIMED

 
 
 
 Barbara E. Brunson, of Columbia, for Appellant Andrea L.
 William C. Wood, Jr., A. Mattison Bogan, Carmen H. Thomas, and
 Candace C. Jackson, all of Columbia, for Appellant John W.
 Anne Marie Ugarte, of Columbia, for Respondent.  
 M.
 Shawn Harmon, of Columbia, for Guardian Ad Litem.  
 
 
 

PER CURIAM:  Andrea L. (Mother) and John W. (Father)
 both appeal the family courts final order terminating their parental rights
 (TPR) to two minor children.  We affirm pursuant to Rule 220(b), SCACR, and the
 following authorities:
I. Termination of
 Mothers Parental Rights
1. 
 As to whether the family court properly
 exercised jurisdiction over Mother after it denied Mothers motion of
 continuance and did not determine if Mother required the appointment of a
 guardian ad litem: M&M Group, Inc. v. Holmes, 379 S.C. 468, 474-75, 666 S.E.2d 262, 265 (Ct. App.
 2008) (The grant or denial of a continuance lies with the sound discretion of
 the trial court and such ruling will not be reversed absent a clear showing of
 abuse of discretion.); Thompson v. Moore, 227 S.C. 417, 423, 88 S.E.2d
 354, 356 (1955) (The burden of proving mental incompetency of the subject is
 upon the appellant who seeks to establish it.).    
2.  As to whether the family court erred in determining TPR was in the childrens
 best interests: S.C. Dept of Soc. Servs. v. Smith, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App.
 2000) (holding the best interests of the child are the paramount consideration in a TPR case).       
II. Termination
 of Fathers Parental Rights
1. 
 As to whether family court erred in
 finding Father failed to remedy the conditions leading to his childrens
 removal: S.C. Code Ann. § 20-7-1572(2) (Supp. 2007)[1] (stating the family court may terminate parental rights when TPR is in the
 childs best interests and the child has been removed from the parent and has
 been out of the home for a period of six months following the adoption of a
 placement plan by court order or by agreement between the department and the
 parent, and the parent has not remedied the conditions which caused the
 removal.); Dept of Soc. Servs. v. Pritchett, 296 S.C. 517, 520, 374
 S.E.2d 500, 501 (Ct. App. 1988) (emphasis in original) ([A]n attempt to
 remedy alone is inadequate to preserve parental rights. Otherwise, the statute
 would be couched in such terms. The attempt must have, in fact, remedied the
 conditions.).  
2. 
 As to whether the family court erred in finding
 he failed to support the children: S.C. Code Ann. § 20-7-1572(4) (Supp. 2007) (Allowing the family court to terminate parental
 rights when TPR is in the childs best interests and the child has lived
 outside the home of either parent for a period of six months, and during that
 time the parent has willfully failed to support the child); Charleston Co. Dept of Soc. Servs. v. Jackson, 368 S.C. 87, 97, 627 S.E.2d 765, 771 (Ct. App. 2006)
 (Willful conduct is conduct that evinces a settled purpose to forego parental
 duties . . . because it manifests a conscious indifference to the rights of the
 child to receive support and consortium from the parent.).  
3. 
 As to whether the family court erred in
 terminating Fathers parental rights based on the statutory ground that the
 children were in foster care for fifteen of the past twenty-two months: S.C.
 Code Ann. § 20-7-1572(8) (Supp. 2007) (Allowing the family court to terminate
 parental rights when TPR is in the childs best interests and the child has
 been in foster care under the responsibility of the State for fifteen of the
 most recent twenty-two months).    
4. 
 As to whether the family
 court erred in determining TPR was in childrens best interests: S.C. Dept
 of Soc. Servs. v. Smith, 343 S.C.
 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) (holding the best interests of
 the child are the paramount consideration in a TPR case).       
AFFIRMED.[2]
HUFF,
THOMAS, and LOCKEMY, JJ., concur.   

[1]  Effective June 16, 2008, the General Assembly
 amended the Code of Laws of South Carolina by adding Title 63, the South
 Carolina Childrens Code, and transferring all provisions of Title 20, Chapter
 7 to Title 63.  See Act No. 361, 2008 S.C. Acts 3623 (stating the
 transfer and reorganization of the code provisions in this act are technical .
 . . and are not intended to be substantive).  Because Title 63 has not yet
been bound, all citations to the statute refer to Title 20.
[2] We decide this case without oral argument pursuant to
Rule 215, SCACR.