**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Matthew McDade, Appellant,

v.

Roger Caldwell, Respondent.

Appellate Case No. 2021-001304

Appeal From Spartanburg County
Grace Gilchrist Knie, Circuit Court Judge

Unpublished Opinion No. 2025-UP-096
Submitted February 1, 2025 – Filed March 19, 2025

**AFFIRMED**

Eric Marc Poulin, of Poulin, Willey, Anastopoulo, LLC, of Charleston; Matthew Thomas Foss, of Langley Law Firm, of Spartanburg; Alexis Wimberly McCumber, of Athens, GA; and Roy T. Willey, IV, of Charleston, all for Appellant.

Michael T. Coulter, of Clarkson, Walsh & Coulter, P.A., of Greenville, for Respondent.

**PER CURIAM:** Matthew McDade appeals the trial court's denial of his directed verdict, judgment notwithstanding the verdict (JNOV), and new trial absolute

motions.  On appeal, McDade argues (1) there was overwhelming evidence at trial to support the fact that Caldwell was negligent; and (2) the trial court made several errors including: finding McDade was competent to testify; incorrectly charging the jury about the expert testimony; issuing curative instructions that misled the jury; barring McDade's rebuttal witness from testifying; and admitting McDade's deposition testimony for the purpose of impeaching him.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold McDade failed to renew his motion for a directed verdict at the close of all evidence; thus, his arguments in support of a directed verdict and JNOV are not preserved for appellate review.  *See Stephens v. CSX Transp., Inc.*, 415 S.C. 182, 195, 781 S.E.2d 534, 541 (2015) ("[Appellant] was precluded from requesting JNOV because he failed to renew his motion for a directed verdict after offering evidence in rebuttal."); *id.* at n.4, 781 S.E.2d at 541 n.4 (stating the rule is "equally applicable to a plaintiff who presents evidence in rebuttal").

2.  We hold the trial court did not abuse its discretion by denying McDade's motion for a new trial absolute because its findings were supported by the evidence.  *See Vinson v. Hartley*, 324 S.C. 389, 405, 477 S.E.2d 715, 723 (Ct. App. 1996) ("The grant or denial of new trial motions rests within the discretion of the trial judge and his decision will not be disturbed on appeal unless his findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law.").  First, we find the trial court properly excluded McDade's rebuttal witness—Dr. Craig Williams—from testifying because McDade failed to include the witness on his pretrial witness list.  *See Arthur v. Sexton Dental Clinic*, 368 S.C. 326, 338, 628 S.E.2d 894, 900 (Ct. App. 2006) (applying an abuse of discretion to deciding whether the trial court erred in excluding appellants' witnesses); *Jumper v. Hawkins*, 348 S.C. 142, 150, 558 S.E.2d 911, 915-16 (Ct. App. 2001) (finding the trial court should consider whether a party has honored its pretrial "duty to timely disclose [witnesses] as required by the court" in deciding if the trial court abused its discretion in excluding the witness).  Further, we hold the trial court did not err by ruling McDade was competent to testify because there was no evidence from a medical professional that he was incompetent.  *See In re Thames*, 344 S.C. 564, 572, 544 S.E.2d 854, 858 (Ct. App. 2001) ("[T]he party alleging incompetence bears the burden of proving incapacity at the time of the transaction by a preponderance of the evidence."); *cf. Wilson v. Ball*, 337 S.C. 493, 498, 523 S.E.2d 804, 806-07 (Ct. App. 1999) (stating the court may appoint guardian ad litem for competent litigants, but courts should be discouraged).  Lastly, we find McDade's argument that the trial court erred in admitting his deposition statement about his speed as improper impeachment testimony was not

preserved for review because he did not object to it during his testimony. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].").

Second, we hold the trial court did not err in limiting a reply witness's testimony because reply testimony must be limited to the rebuttal of matters raised by the defense. *See McGaha v. Mosley*, 283 S.C. 268, 276, 322 S.E.2d 461, 466 (Ct. App. 1984) ("Reply testimony should be limited to rebuttal of matters raised in defense; it should not be used to complete plaintiff's case in chief."). Third, we hold that although McDade objected during Caldwell's closing statement regarding the accident reconstruction expert witness's testimony, there was no ruling by the court after an off-the-record bench conference. *See Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693 ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."). Moreover, we hold McDade's argument that the trial court's curative instructions regarding the traffic ticket's existence or non-existence were confusing or misleading was not preserved because he did not object or raise that argument to the trial court. *See id.* at 142, 587 S.E.2d at 693 ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."). Finally, we find McDade did not preserve for appellate review his argument regarding the court's curative instruction following Caldwell's objection to the officer's testimony that he did not give McDade a ticket, because McDade stated he did not "have a problem with the [trial court's] curative instruction." *See McElveen v. Ferre*, 299 S.C. 377, 381, 385 S.E.2d 39, 41 (Ct. App. 1989) ("If . . . the initial objecting party is not satisfied with the instruction, a further objection and a request for a further instruction should be made at that time.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.